THE IOWA SEED CO. v. DORR ET AL.

1. **Assignment for Benefit of Creditors**: INSOLVENT FIRM: RIGHT OF PURCHASER FROM ASSIGNEE TO USE FIRM NAME. C. W. D. & Co., a co-partnership which had built up an extensive trade, reputation and business connection as dealers in seeds, etc., made an assignment for the benefit of creditors, and the assignee, under order of court, sold the stock to the plaintiff company, which continued the business at the old stand, renting the building from the owner. Among the stock so purchased was a large number of wrappers, sacks, etc., marked with the name of C. W. D. & Co., the right to use which plaintiff acquired by the purchase. One of the firm of C. W. D. & Co. was also a member of the plaintiff company. Afterwards C. W. D. organized a corporation under the name of C. W. D. & Co., and engaged in the same business in the same city, thus appropriating to himself, to some extent, the benefits arising from the reputation of the old firm of C. W. D. & Co. Plaintiff claimed that it obtained by its purchase the exclusive right to use the name of C. W. D. & Co., and the right to receive the mail directed to that company, and sought to enjoin the corporation of C. W. D. & Co. from using that name, and from receiving mail matter so directed. But plaintiff had not, in fact, done business under the name of C. W. D. & Co. *Held* that plaintiff's claim was not well founded, and that the circuit court erred in granting the injunction.

*Appeal from Polk Circuit Court.*

TUESDAY, DECEMBER 21.

THE petition states, in substance, that in December, 1884, the defendant C. W. Dorr, W. W. McKnight and C. N. Page entered into partnership, under the name and style of C. W. Dorr & Co., for the purpose of selling seeds, grains, plants, etc., together with implements, floral supplies, vases, glass goods, etc., at 219 West Fourth street, in Des Moines, where said firm, prior to October 1885, had accumulated an extensive stock of goods, and had built up a wide and extensive business reputation and connection; that on the sixteenth day of October, 1885, said firm became embarrassed, and made a general assignment of all the property of said firm for the benefit of creditors; that the assignee, under the order of the court, sold said property, and the same was purchased for the plaintiff, and that it now owns the same, together with the right to continue said business at 219 West Fourth street, in Des Moines; that among the property so purchased there was a large number of wrappers, sacks, etc., marked with the firm name of C. W. Dorr & Co., the right to the use of which the plaintiff acquired by said purchase; "that, growing out of said advertising, and out of the business reputation and connection of said firm of C. W. Dorr & Co., there is legitimately related and naturally adjunct to said stock of goods a large and contingent custom and trade that is seeking, and for a long time will continue to seek, said stock through and by the avenue of said firm of C. W. Dorr & Co., all of which is of value and important to the plaintiff in the profitable use of said stock of goods; that this trade—much of it—seeks, and will continue to seek, said stock through the mails; that, since said sale, the defendant C. W. Dorr has objected to mail addressed to C. W. Dorr & Co., and relating to the business connected with

said stock of goods, coming into the possession of the plaintiff, or to C. N. Page, one of the members of said firm of C. W. Dorr & Co., who is now connected in a business capacity with plaintiff, and which connection was contemplated by plaintiff, in the purchase of said stock, and was one of the inducements thereto; that C. W. Dorr has organized a corporation, of which he is the sole incorporator, under the name and style of C. W. Dorr & Co., without the consent of said C. N. Page or of the plaintiff, and is preparing catalogues of seeds and plants, and, in short, is making preparations to transact the same business in which the plaintiff is engaged under the said name of C. W. Dorr & Co., and has demanded of the postal authorities all mail addressed to C. W. Dorr & Co.;" that such use of the name of C. W. Dorr & Co., will cause plaintiff great and irreparable injury; that said Dorr is insolvent. The relief asked is that C. W. Dorr and said corporation be enjoined from using the name of C. W. Dorr & Co., and from interfering with plaintiff's right to the mail addressed to said firm relating to said stock.

The defendant filed an answer and cross-petition, admitting some of the allegations of the petition, and denying others. Substantially, it is denied that the plaintiff obtained by this purchase from the assignee the right to do business at 219 West Fourth street, but that said premises were leased by the plaintiff directly from the owner. It was also denied that plaintiff, by its purchase, acquired the right to use the name of C. W. Dorr & Co. It appears from the answer that there was a controversy as to the mail, and that both parties claimed it. The organization of the corporation of C. W. Dorr & Co., is admitted, but it is alleged to have been organized in good faith, and for a lawful purpose. The defendant asked an injunction restraining the plaintiff from using the name of C. W. Dorr & Co. or C. W. Dorr, or the trade-mark "Dorr's Iowa Seeds," and also from receiving the mail addressed to C. W. Dorr & Co. The grounds upon which this relief is asked are stated at length in the answer and

cross-petition. The court granted the relief asked by the plaintiff and the defendant appeals.

*Geo. E. McCaughan,* for appellants.

*Cummins & Wright,* for appellees.

SEEVERS, J.—I. Counsel practically agree that the good-will of a partnership in a settlement of the account between a retiring partner and one who continues the business may constitute a valuable asset, which must be accounted for. The authorities, without exception, so hold. But there is a contention between counsel as to whether the good-will of the firm of C. W. Dorr & Co., passed by the assignment to the assignees, and by the sale to the plaintiff, and, if it does, it is contended by the appellant that the plaintiff did not obtain for all time the right to the exclusive use of the name of C. W. Dorr & Co., as against C. W. Dorr. It is conceded by counsel for the appellee that the plaintiff did not, by its purchase, obtain any exclusive right to the business in which it is engaged. It is also conceded that C. W. Dorr had a perfect right to engage in such business, but it is insisted that he cannot use the name of C. W. Dorr & Co.

Giving to the petition a fair, and, in fact, a liberal, construction in favor of the plaintiff, it cannot, we think, be said that "C. W. Dorr & Co." constituted a trade-mark which the plaintiff purchased. The most that can be said is that the firm of C. W. Dorr & Co., had an extensive business reputation, and accumulated a large stock of goods, and this stock of goods and the good will of the business, it will be conceded, the plaintiff purchased. But the firm had no trade mark, nor is it stated that the house or place of business was advertised and known by any distinctive name; and, if the petition can be so construed, it appears from the record that such place of business was not obtained by the purchase from the assignee. This fact distinguishes this case from *Hudson v. Osborne,* 39 Law J. Ch. (N. S.), 79. In the cited case the bankrupt had a

place of business designated and known as "Osborne House," of which the plaintiff became the owner, in pursuance of proceedings in bankruptcy against the defendant, whose name was Osborne; and he was enjoined from designating his place of business, after his discharge, as "Osborne House." In *Croft v. Day*, 7 Beav., 84, it is said that each case of this character must depend upon its peculiar circumstances, of which there may be a great variety. The clearly distinguishing feature of this case from the most of the authorities to which our attention has been directed, is that the plaintiff has not adopted, conceding it had the right to do so, the name of "C. W. Dorr & Co." At most, it only claims to be the successor of C. W. Dorr & Co., and the right to use the labels, bags, etc., which it purchased. It may be that its claim in this respect is well founded, but it does not necessarily follow that it can prevent the defendant from using that name when the plaintiff has not at any time transacted business in such name. It certainly, by its purchase, did not acquire any right to the name of "C. W. Dorr," nor did it acquire his business knowledge and experience.

C. W. Dorr clearly has the right to go into business in his own name, and we cannot see why he cannot do so under the name of C. W. Dorr & Co., unless in so doing he misleads the public, or encroaches on the rights of the plaintiff. The mere fact that the latter claims to be the successor of a firm of the same name should not, it seems to us, deprive the plaintiff of such right. There is another circumstance entitled to weight. Seeds and plants are grown and ordinarily produced from year to year. Peculiar skill in cultivation may increase the quantity of the former, and the thriftiness of the latter. Whether the seeds so produced will grow is not absolutely certain. We can readily see that it may require peculiar knowledge and experience to tell whether the seeds will germinate or not. Now, if Dorr possesses such knowledge, or if the public so believe, the plaintiff has no right thereto, and therefore it has no right to restrain Dorr from availing

himself thereof, if it be to his interest or advantage to do so. We have examined all the authorities cited by counsel, and, in our opinion, the facts in all of them are so materially different that they are not applicable, except so far as general principles applicable to this class of cases are announced. They simply indicate the path which may be followed to advantage. Reference, however, is made to *Burgess v. Burgess*, 17 Jur., 292; *Glen & Hall Manuf'g Co. v. Hall*, 61 N. Y., 262.

We think the court erred in granting the injunction.

                                    REVERSED.