Statement.

## Wytheville.

F. T. BLANCHARD COMPANY v. SIMON AND ANOTHER.

June 22, 1905.

1. PARTNERSHIP—*Dissolution—Use of Partner's Name in New Business—Unfair Competition.*—Upon dissolution of a partnership a partner has the right to use his own name (which had been previously used in the firm business) in connection with his own business, and an intention to divest himself of this right will not be readily presumed, but must be clearly shown, and this rule is not altered by the addition of a word to indicate the nature of the business, or the addition of the word "company" to indicate that there was more than one in the concern, although, with the additions, the name of the new concern is the same as the old, unless the public is thereby misled, or the rights of others encroached upon. The evidence in the case in judgment does not make out a case of unfair competition.

An appeal from a decree of the Corporation Court of the city of Bristol in two chancery suits heard together. Decree in favor of Ida V. Simon complainant in one of the suits, and one of the defendants in the other. F. T. Blanchard and the F. T. Blanchard Co., defendants in one of the suits and complainants in the other, appeal.

*Affirmed.*

The opinion states the case.

*Bullitt, Kelly & Hull* and *A. H. Blanchard,* for the appellants.

*Peters & Lavinder* and *J. S. Ashworth,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This is an appeal from a final decree in two causes heard together by the Corporation Court for the city of Bristol. The object of the first cause of *"F. T. Blanchard Company* v. *H. J. Simon, &c.,"* was to enjoin H. J. Simon and Joseph Gutman from the use of the name, "Simon Auction Company," and to recover of them damages for having wrongfully used such name. The second cause was an attachment proceeding in equity in the name of *"Ida V. Simon* v. *F. T. Blanchard Company,"* to recover from the defendant a note for $1,250.

In the first named cause a temporary injunction was granted, and upon the final hearing that injunction was dissolved and the bill dismissed. In the second cause, by the same decree, the complainant recovered the amount of the note sued for, and a lien was declared in her favor, for that recovery, upon the real estate attached.

It is conceded that the decision of both causes hinges upon the right of the complainant in the first named cause to the relief therein sought.

In April, 1896, F. T. Blanchard and H. J. Simon entered into a partnership agreement to carry on a mercantile business in the city of Bristol, under the firm name and style of the "Simon Auction Company." After doing business together for some five or six years, they had a settlement of their partnership affairs, Blanchard agreeing to pay Simon $2,500.00 for his interest in the concern, evidenced by two notes for $1,250.00 each. Subsequently Blanchard organized a joint stock company, called "F. T. Blanchard Company" for the conduct of a mercantile business on a very much larger scale, and transferred all the business and assets of the "Simon Auction Company" to the "F. T. Blanchard Company." In this bill of sale Blanchard undertakes to transfer to his new company, which was practically himself, the right to the name "Simon Auction Co." Several months later H. J. Simon and Joseph Gutman

associated themselves together under the firm name of "Simon Auction Company." It is this use of the old firm name of "Simon Auction Company" that the F. T. Blanchard Company seeks to enjoin as injurious to its business, and in violation of its rights.

It has been held, and we think properly, that the right of a man to use his own name in connection with his own business is so fundamental that an intention to entirely divest himself of such right and transfer it to another will not readily be presumed, but must be clearly shown. Where it is so shown, the transaction will be upheld, but it will not be sustained upon doubtful or uncertain proof. *Hazelton Boiler Company* v. *Hazelton Tripod Boiler Company* (Ill.), 30 N. E. 339; *Ranft* v. *Reimers,* 200 Ill. 386, 65 N. E. 720, 60 L. R. A. 291.

The evidence in this case wholly fails to establish the claim that H. J. Simon ever, at any time, expressly or by implication, divested himself in favor of F. T. Blanchard of the use of his name in business, or ever by contract transferred to F. T. Blanchard the exclusive use of the name "Simon Auction Company." On the contrary, all the circumstances surrounding the transaction tend to negative the assumption that any property in the trade name of "Simon Auction Company" was within the contemplation of the parties. F. T. Blanchard having acquired no right to use the name "Simon Auction Company," he had no power to transfer any property in such name to the F. T. Blanchard Company. H. J. Simon clearly had the right to go into business in his own name and no reason is perceived why he could not do so with the addition of the term "Auction," which identifies his business; and the word "Company," which indicated that there was more than one in the concern, unless in so doing he misled the public or encroached upon the rights of the complainant. *Iowa Seed Co.* v. *Dorr,* 70 Ia. 481, 30 N. W. 866, 59 Am. Rep. 446.

The mere fact that the F. T. Blanchard Company claims ·to be the successor of a firm of the same name should not, it seems to us, deprive H. J. Simon of the right to do business in the name of "Simon Auction Company."

The record discloses no sufficient ground upon which to rest a judgment for damages against Simon and Gutman for their use of the name "Simon Auction Company," during the brief period they did business under that name. Simon and Gutman did an auction business, buying and selling second hand goods in a small unpretentious store. The F. T. Blanchard Company carried on a very large mercantile business in another part of the city, and did not conduct an auction business, nor buy and sell second hand goods. The use of the name "Simon Auction Company" did not operate to produce an unfair competition in business between the parties litigant, to the prejudice of the F. T. Blanchard Company. On the contrary, it satisfactorily appears that Simon and Gutman were particular in calling attention, by advertisement, to the character and location of their business, and do not appear to have had any intention of deceiving the public or defrauding the complainant of any trade to which it was entitled. Indeed, it is difficult to see how a purchaser could have bought from Simon and Gutman believing he was buying from the F. T. Blanchard Company.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*