PORTER v. RALEIGH & GASTON RAILROAD CO.

(Filed March 10, 1903.)

1. CARRIERS—*Negligence—Evidence—Sufficiency—Railroads.*

The evidence in this case as to the negligence of a railroad company in failing to ship goods is sufficient to be submitted to the jury.

2. CARRIERS—*Contracts—Agency.*

When a railroad company agrees to ratify a contract for the shipment of goods, made by a local agent in violation of its rules, it is required to perform such contract.

ACTION by Albert N. Porter against the Raleigh & Gaston Railroad Company, heard by Judge *Francis D. Winston* and

a jury at October Term, 1902, of the Superior Court of VANCE County. From a judgment for the defendant, the plaintiff appealed.

*T. M. Pittman,* for the plaintiff.
*J. H. Bridgers* and *W. H. Day,* for the defendant.

MONTGOMERY, J. The plaintiff brought this action to recover damages of the defendant company on account of alleged negligence on its part in failing to ship on its railroad certain household goods and furniture belonging to the plaintiff. He, at the time of the alleged negligence, was living in Illinois. One of his friends in Henderson, North Carolina, at his request, carried the goods and furniture to the agent of the defendant company in that town to be shipped to the plaintiff at his home in Illinois. Prepayment of the freight charges was demanded by the company's agent, and that demand was not complied with.

The plaintiff introduced evidence tending to show that in a conversation between the station agent and the plaintiff's agent, it was agreed that upon the payment by the plaintiff of the amount of the freight charges (about fifty dollars) to the railroad agent, at Alexis, in Illinois (agent of C. B. & Q. Ry. Co.) that the defendant would at once ship the goods upon the defendant's being notified of the deposit; that the plaintiff was notified of the arrangement, and on the 19th or 20th of July, 1900, the required amount was paid to the agent at Alexis by the plaintiff; that on the same day, J. G. Cantrell, the general western agent of the defendant company, was properly notified of the transaction by H. D. Mack, division freight and passenger agent of the C. B. & Q. Ry. Co., Alexis, Ill., being in his division; that Mack on the same day, July 20, by telegram informed the agent at Alexis that he might advise Porter that the necessary steps had been taken towards having his goods forwarded; that on the 23rd

of July, Cantrell notified the general freight agent of the defendant company of the whole arrangement, with request to forward the shipment of the goods from Henderson to Alexis; that the defendant did not repudiate the agreement but took steps to carry it out; that the goods were never shipped but were consumed in the burning of the warehouse of the defendant company on the 26th of July.

His Honor was of opinion that upon the evidence the plaintiff could not recover.

The defendant, in this court, contended that the complaint did not set out a cause of action as to the relation of shipper and carrier, and that there was no allegation of the relation of shipper and carrier.    We think that relation was sufficiently stated in the second, fourth, fifth and sixth allegations of the complaint.    As will be seen from a statement of the evidence of the plaintiff, the amount of the charges for the shipment of the goods from Henderson to Alexis was paid by the plaintiff at Alexis according to agreement; that a division freight agent of the line of destination notified the general western agent of the defendant company, whose division extended over Alexis, of the entire arrangement; that the general freight agent of the defendant company was also notified of the same three days later (on the 23rd) ; that the defendant acquiesced in the agreement and took steps to carry it out, and that the goods were burned on the 26th.

The question now is, was this evidence of sufficient consequence (more than a scintilla) to be submitted to the jury on the question of the defendant's negligence ?    We are of the opinion that it was, if the station agent at Henderson had the authority and right to make the agreement with the plaintiff's agent, or if the defendant ratified the agreement by accepting its terms.    It was not contested on the part of the defendant that the station agent at Henderson could make an agreement to ship goods by freight from Henderson to

Illinois over connecting lines, upon the prepayment of the freight. The objection urged was that he could not, in violation of the rules of his company, contract to ship the goods without the prepayment of the freight charges at Henderson, including those of the connecting lines.

It is not necessary to the decision of this case to consider whether the station agent had the right, the authority, to make the freight charges payable at Alexis instead of at Henderson, as the rule of the company required (the plaintiff having been acquainted with that rule). There was evidence as we have seen that the general freight agent received official knowledge of the agreement made between the station agent at Henderson and the agent of the plaintiff, and of the payment by the plaintiff of the freight charges at Alexis under the agreement; that the agreement was acquiesced in and plans begun to have the agreement carried out, and that the defendant was in treaty with other railway systems as to which connecting lines the goods should be carried over to their destination. The general western agent of the defendant, five or six days after having been notified of the agreement, in a communication to Mack, said: "Dear Sir: Further your letter of July 20 and my reply of yesterday. I have just received the following wire from C. R. Capps, our general freight agent, 'Your wire July 23 regarding household goods for Rev. Albert N. Porter, of Alexis, it will be necessary for Mr. Mack to wire the Big Four and have them in turn wire the C. & O. who should telegraph us that they will accept from us without prepay the shipment of household goods in question. We could not consent to handle the business up to Portsmouth and have it turned down by our connection here'. Will you please take this matter up with the Big Four people by telegraph and have them in turn wire the C. & O. instruction to accept this shipment from Portsmouth, Va. Freight charges collect on your guarantee. We

will then issue instructions for shipment to be forwarded at once to your care at such gateway as you prefer."

There was no evidence to the effect that the plaintiff had any knowledge of the rule of any of the connecting or intermediate roads, requiring prepayment of freight charges upon freight received from the others, if any such rule or rules did in fact exist.

There was error in the judgment of non-suit for which there must be a new trial.

New trial.