## THE AMERICAN EXCHANGE NATIONAL BANK v. R. R. SEAGROVES.

### (Filed 30 September, 1914.)

1. **Bills and Notes—Antecedent Debt—Transferee for Value.**

    The transfer of a negotiable note by the holder to his creditor before maturity for an antecedent debt constitutes the transferee a holder for value. Revisal, sec. 2173.

2. **Same — Evidence — Trials—Instructions—Courts—Expression of Opinion—Statutes.**

    Where a negotiable note held by a debtor bank has been transferred before maturity to its creditor bank, and there is evidence that at the time the former owed to the latter a larger sum of money than the amount of the note, and that the note was transferred as an extinguishment of the debt *pro tanto*, and in an action upon this note, it is introduced in evidence showing an indorsement on the back, made by the plaintiff, "For collection account," it is for the jury to find, under the conflicting evidence, whether the plaintiff received the note in part payment of the debt or for collection only, and an instruction by the judge that there is no evidence that the plaintiff paid value, and that it was its duty to appear and explain the transaction, is an expression of opinion forbidden by the statute.

3. **Bills and Notes—Due Course—Presumptions—Fraud—Pleadings —Burden of Proof—Statutes.**

    To rebut the presumption that every holder of a negotiable instrument, acquired before maturity, is one in due course, it is necessary for the defendant in an action thereon to allege fraud, and when properly pleaded, the burden is upon the plaintiff to show the *bona fides* of the transaction (Revisal, secs. 2208, 2201) ; but in this case it is held that fraud has been insufficiently pleaded, the allegation being that the maker was induced to sign through the representations or promises of another and for accommodation, without in any manner connecting the plaintiff, who acquired for value and before maturity, with the transactions alleged.

APPEAL by plaintiff from *Peebles, J.,* at May Term, 1914, of CHATHAM.

*H. A. London & Son for plaintiff.*
*R. H. Hayes and F. W. Bynum for defendant.*

CLARK, C. J. This is an action on a negotiable instrument under seal for $1,000, executed by defendant on 1 January, 1908, payable four years after date to the National Bank of Lillington, N. C., and indorsed by said bank to the plaintiff before maturity. The defendant in his answer denied the execution of this note, but admitted that he executed a note for that amount to the National Bank of Lillington in 1907 upon certain representations made to him by S. A. Salmon and for the accommodation of said Salmon. The defendant testified on the trial that he executed the note sued on and over the objection of the plaintiff testified that he did so on certain representations made to him by F. M. Nelson, president of the Lillington bank. Nelson in his deposition testified that the plaintiff knew nothing of the alleged transactions or conversations between Salmon and the defendant, and that the note in suit was given in renewal of the first note.

The exception most strenuously argued is that the court charged, "There is no evidence at all that the plaintiff paid anything of personal value for that note. If it did, it was knowledge peculiarly within his own breast, and it was his business to come here and tell you about it. Nelson never said the bank paid anything for it. He never said the bank credited his account with the amount of that note." In the deposition of Nelson he stated that the consideration for the transfer of this note to the plaintiff was an indebtedness of the National Bank of Lillington to The American Exchange National Bank; that at that time the Lillington bank owed the plaintiff about $5,000.

Revisal, 2173, provides: "An antecedent or preëxisting debt constitutes value." The indebtedness of the bank of Lillington, as above testified, to the plaintiff was value or consideration for the transfer of the note in suit. *Smathers v. Hotel Co.,* 162 N. C., 352, and cases there cited. It is true that there was in evidence the indorsement on the back of the note, "For collection account, American Exchange National Bank, N. Y. W. H.

Bennett, Cashier." · This was evidence for the jury to consider as to whether there was a *bona fide* transfer of the note for value or not, upon which the jury could pass, but did not authorize the judge to charge, as above set out, that there was "no evidence of any consideration or thing of value for the transfer of the note to the plaintiff," and this instruction was a clear expression of opinion upon the evidence.

Besides, every holder is deemed *prima facie* to be a holder in due course. Revisal, 2208, 2201. It is true that when fraud is pleaded the burden is on the holder to prove that he is holder in due course. Revisal, 2208. But the defendant neither in his answer nor in his amended answer averred any fraud or false representation by Nelson or any one else in connection with the execution of the note sued on, but merely averred that he was induced to sign the first note in 1907 by the representations or promises of Salmon, who died several months before the second note was executed. Indeed, the answer denied the execution of the second note, though the defendant admitted it on the trial. Fraud must always be pleaded. In *Beaman v. Ward,* 132 N. C., 71, the Court states that fraud must not only be pleaded, but "the pleader must allege the facts constituting the fraud."

It may be that upon another trial the jury may find that the plaintiff did not take the note for value and without notice; but for the error above set out there must be a

New trial.