A. B. ZAGIER v. M. & L. ZAGIER.

(Filed 23 December, 1914.)

1. Injunction—Trade Name—Name of Person—Contracts—Enforcement.

A man has the right to the use of his own name in connection with his business, provided he does so honestly and does not resort to unfair methods by which he wrongfully encroaches upon another's rights or commits a fraud upon the public; but he may, by contract, conclude himself from the use of his own name in a given business, and the agreement will be enforced by the courts.

2. Pleadings—Amendments—Effect—Demurrer.

Where the complaint in an action sought to restrain the use of the plaintiff's name in a given business is insufficient, and an amended complaint is allowed and filed which makes allegation sufficient to sustain the suit, the amended complaint has the effect of superseding the first, and a demurrer to the complaint should not be sustained.

3. Pleadings—Trade Names—Injunction—Sufficient Allegations.

In an action to restrain the use of a name in a given business, a complaint is held sufficient which alleges, in substance, that the defendant had expressly contracted with the plaintiff for a valuable consideration not to do business of a given kind in a certain city under the name of

Z.; and that he had wrongfully begun and conducted the business therein under the name of Z., and that the plaintiff, also engaged there in that business under the designated name, had been greatly wronged and damaged in a stated sum.

APPEAL by plaintiff from *Justice, J.,* at April Term, 1914, of BUN-COMBE.

Civil action to restrain the defendants in the use of the name Zagier in connection with the clothing and furnishing business in the city of Asheville.

A demurrer in terms to the complaint was sustained and judgment entered dismissing the action, and plaintiff excepted and appealed.

*Haynes & Gudger for plaintiff.*
*Jones & Williams for defendant.*

HOKE, J. It is recognized in this jurisdiction, and the position is in accord with authority very generally prevailing, that a man has the right to use his own name in connection with his business, provided he does so honestly and does not resort to unfair methods by which he wrongfully encroaches upon another's rights or commits a fraud upon the public. *Bingham School v. Gray,* 122 N. C., 699; *Howe Scale Co. v. Wyckoff,* 198 U. S., 118; *McLean v. Fleming,* 96 U. S., 245; *Blanchard Co. v. Simon,* 104 Va., 209; *Hazelton Boiler Co. v. Hazelton Co.,* 142 Ill., 494.

In *Bingham's case, supra,* it was held: "As a rule, a trade-mark cannot be taken in a surname, and any one having the same surname as that under which a business has been long and successfully conducted by another, so as to acquire a reputation therefor, can conduct a like business under the same name, provided there be no intent to injure or fraudulently attract the benefit of the good name and reputation previously acquired by the other."

In *Howe Scale Co. v. Wyckoff, supra,* it was said: "Every man has the right to use his name reasonably and honestly in every way, whether in a firm or corporation, nor is a person obliged to abandon his name or to unreasonably restrict it. It is not the use, but dishonesty in the use, of the name that is condemned," etc. And it is also well established that one may, by contract, conclude himself from the use of his own name in a given business, and the agreement will be enforced by the courts. *Rauft v. Ramers,* 200 Ill., 386; *Frazier v. Frazier,* 121 Ill., 147; *Russia Cement Co. v. LePage,* 147 Mass., 206; *Hall Safe Lock Co. v. Herring-Hall, etc., Safe Co.,* 143 Fed., 231-237.

A very satisfactory statement in reference to both positions will be found in *Russia Cement Co. v. LePage,* opinion by *Devens, J.,* as follows: "A person cannot make a trade-mark of his own name, and thus

debar another having the same name from using it in his business, if he does so honestly and without any intention to appropriate wrongfully the good-will of a business already established by others of the name. Every one has the absolute right to use his own name honestly in his own business for the purpose of advertising it, even though he may thereby incidentally interfere with and injure the business of another having the same name. In such case the inconvenience or loss to which those having a common right to it are subjected is *damnum absque injuria.* But although he may thus use his name, he cannot resort to any artifice or do any act calculated to mislead the public as to the identity of the business, firm, or establishment, or of the article produced by them, and thus produce injury to the other beyond that which results from the similarity of name. *Holloway v. Holloway,* 13 Beav., 209; *Meneely v. Meneely,* 62 N. Y., 427; 20 Am. Rep., 489; *Gilman v. Hunnewell,* 122 Mass., 139; *Rogers v. Rogers,* 53 Conn., 121; 55 Am. Rep., 78. While this is the general rule, it is also true that one may so sell or part with the right to use his own name as a description or designation of a manufactured article as to deprive himself of the right to use it as such, and confer this right upon another. . . . One who has carried on a business under a trade name, and sold a particular article in such a manner, by the use of his name as a trade-mark or a trade name, as to cause the business or the article to become known or established in favor under such name, may sell or assign such trade name or trade-mark when he sells the business or manufacture, and by such sale or assignment conclude himself from the further use of it in a similar way."

On perusal of the record, we are of opinion that a correct application of this principle is against the ruling of his Honor, as the question is now presented. It is true that the original complaint, filed by plaintiff, based on allegations designed to show a dishonest use of defendant's name, does not seem to bring defendant's conduct under condemnation of the principle first stated; but later, and by leave of the court; plaintiff filed what is termed an amended complaint, making an entire statement of his cause of action and alleging, in effect: "That defendant, at the time he began to do business in the city of Asheville, N. C., entered into an express contract with plaintiff for valuable consideration not to do a clothing business in the city of Asheville at any time under the name of 'Zagier.'

"2. That defendant wrongfully began his business in the city under the name of 'Zagier,' and that plaintiff, engaged in that business, has been thereby greatly wronged and damaged, towit, in the sum of $710,000."

On authority, the amended complaint, in the form as now presented, has the effect of superseding the first (1 Enc. Pl. and Pr., p. 625), and considering plaintiff's demand in that aspect, he seems to have stated a perfect cause of action, within the meaning of the second position, above stated, and the demurrer to complaint was improperly sustained.

This will be certified, that further proceedings may be had in accordance with law.

Reversed.