HERBERT C. GRIGGS AND WIFE, COLON B. GRIGGS, v. H. BATTLE GRIGGS AND WIFE, ESSIE S. GRIGGS.

(Filed 25 May, 1938.)

**1. Appeal and Error § 40f—**

Upon appeal from judgment sustaining a demurrer, the Supreme Court will examine the allegations of the complaint to ascertain if they are sufficient, under the rule of liberal construction, to state a cause of action.

**2. Fraud § 9: Reformation of Instruments § 7—**

In an action for reformation of a deed for fraud, the facts constituting the alleged fraud must be set up with such particularity as to show all the elements of actionable fraud, including fraudulent intent.

**3. Same—Allegations held insufficient to allege actionable fraud.**

The complaint alleged that plaintiffs signed a certain deed believing same conveyed only certain designated real estate, that the deed also conveyed plaintiffs' interests in certain estates, that the attorney representing both plaintiffs and the grantees read only the part of the deed purporting to convey the designated real estate, told the male plaintiff that it was all right to sign same, and gave same to him to obtain the *feme* plaintiff's signature, that in reliance upon the representations plaintiffs signed same without reading its provisions. *Held:* In plaintiffs' action for reformation for mistake induced by fraud, defendants' demurrer was properly sustained, the complaint failing to allege the essential element of fraudulent intent, or any trick or device to prevent plaintiffs from reading the instrument, or mistake on the part of either.

**4. Debt, Action of, § 2: Bills and Notes § 24—Mere allegation that defendant is indebted to plaintiff without stipulating facts held insufficient.**

For a first cause of action plaintiff alleged that he executed deed to defendant and received purchase money notes, that the deed conveyed not only the property grantors intended to convey, but also grantors' interest in other realty, and sought reformation of the deed for mistake induced by fraud. For a second cause of action plaintiff alleged that defendant was indebted to plaintiff in a stipulated sum with interest. *Held:* Defendant's demurrer to the second cause of action was properly sustained, since if the debt declared on referred to the notes alleged in the first cause of action, there is no allegation that they were executed by defendant, nor is it alleged that the debt was for the land intended to be conveyed, and if the debt were for the interests sought to be stricken from the deed, plaintiffs are seeking inconsistent remedies.

APPEAL by plaintiffs from *Phillips, J.,* at March Term, 1938, of ANSON. Affirmed.

Action for reformation of deed on the ground of fraud and mistake, and for the recovery of an alleged debt. Defendants' demurrer for failure to state a cause of action and for improper joinder of causes of action was sustained, and plaintiffs appealed.

*Vann & Milliken and Barrington T. Hill for plaintiffs.*
*J. C. Sedberry for defendants.*

DEVIN, J.   The case comes to us upon appeal from a judgment sustaining a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and for improper joinder of causes of action.

This makes it necessary that we examine the allegations of the complaint, under the rule requiring liberal construction, in order to determine whether a cause of action has been sufficiently set out.   The material facts alleged may be stated as follows:

As a first cause of action, it is alleged that plaintiffs are residents of Robeson County, and that defendants reside in Anson County; that on and prior to 15 August, 1934, Fred J. Cox, an attorney of Wadesboro, represented plaintiffs in the matter of the sale of certain real property in Wadesboro; that plaintiff Herbert C. Griggs and defendant H. Battle Griggs (who are brothers) each owned an interest in the estates of Henry Haynie and Sarah A. Griggs, and that defendant had retained the same attorney to collect his interest in these estates.   The plaintiffs further allege in their complaint:

"That on or about 15 August, 1934, the plaintiffs, at the instance of the said Cox, who was acting for the defendant H. Battle Griggs, or within the scope of his authority as attorney for H. Battle Griggs, executed a certain paper writing in the form of a deed which, as they thought and believed, conveyed only their interests in the Wadesboro property.   That the said paper writing was prepared by the said Cox at the instance of the defendant H. Battle Griggs, and when the said Cox undertook to read same to the plaintiff Herbert C. Griggs, he read only the part of said paper writing purporting to convey the Wadesboro property, told the said plaintiff that the paper writing was a deed for the Wadesboro property, that it was perfectly safe and all right for him to sign same, advising him to sign it immediately, have his wife to sign it, and return it to him at once as he was in a hurry to get back to Wadesboro.

"That at the same time and as evidence of the debt due plaintiff Herbert C. Griggs for the purchase price of said real estate interests, the said Cox delivered to the plaintiff Herbert C. Griggs four promissory notes under seal in the sum of $500.00, each dated 15 August, 1934, and maturing on 15 November, 1934, 1935, 1936, and 1937, bearing interest from maturity of each at the rate of six per cent per annum, and that Fred J. Cox requested this plaintiff to endorse the note due 15 November, 1937, and retained and kept same as his compensation for services rendered or to be rendered the plaintiff as his attorney.

"That as a result of the fraud and deceit of the defendant H. Battle Griggs, by and through the said Cox, being lulled into security by their confidence in the said Cox to the knowledge of H. Battle Griggs, these plaintiffs did not read the said paper writing and signed same without reading it, upon the advice of the said Cox, who was acting for the said H. Battle Griggs, and unknown to these plaintiffs the said paper writing undertook to convey to the defendant H. Battle Griggs, not only the Wadesboro property hereinbefore mentioned, but also all right, title and interest of the plaintiffs in and to the property of every kind and description, including real, personal and mixed, that may be coming to them or either of them from the estate of Henry Haynie, deceased, or the estate of Sarah A. Griggs, deceased, which they would not have conveyed by said paper writing except as a result of the fraud and deceit practiced upon them."

By this action plaintiffs are seeking to have the deed executed by them on 15 August, 1934, reformed by striking from the description of the property therein conveyed plaintiffs' interest in the Haynie and Griggs estates, and this on the ground of mistake on the part of the plaintiffs and fraud on the part of defendants. *Dameron v. Lumber Co.,* 161 N. C., 495, 77 S. E., 694. The demurrer raises the question whether sufficient facts are alleged to constitute a cause of action for this purpose.

It is an elementary rule of pleading that the mere allegation that an act was induced by fraud is insufficient. The facts constituting the fraud must be set out with such particularity as to show all the necessary elements of actionable fraud which would entitle the pleader to relief. The facts relied upon to constitute fraud, as well as the fraudulent intent, must be clearly alleged. *Willis v. Willis,* 203 N. C., 517, 166 S. E., 398; *Colt v. Kimball,* 190 N. C., 169, 129 S. E., 406; *Bank v. Seagroves,* 166 N. C., 608, 82 S. E., 947. Here it is alleged that plaintiffs' own attorney, in reading the deed to them, failed to call their attention to the fact that other property, in addition to the Wadesboro lots, was included in the description of property conveyed. It is further alleged that the attorney was at the time acting also for the defendants, and that he told the plaintiff it was perfectly safe for him to sign the deed, and advised that he have his wife sign it and return it to the attorney. It is also stated in the complaint that plaintiff did not read the paper writing and signed it without reading it; and that at the same time, as evidence of the debt due plaintiff "for the purchase price of said real estate interests," the said Cox delivered to plaintiff four notes in the sum of $500.00 each, and that plaintiff endorsed one of the notes which the attorney retained as compensation for his services to plaintiff.

There is no allegation of fraudulent intent on the part of the defendants or the attorney. No mistake on the part of either is alleged. It does not appear by whom the notes were signed, but it is stated that they

were received by plaintiff in consideration of "said" real estate interest, apparently referring to the real estate conveyed by the deed. The failure of the plaintiff to read the paper writing he signed and to understand what he was conveying must be attributed to his own negligence. No trick or device is alleged. *Lumber Co. v. Sturgill,* 190 N. C., 776, 130 S. E., 845; *Newbern v. Newbern,* 178 N. C., 3, 100 S. E., 77; 53 C. J., 926. A consideration of the allegations of the complaint, therefore, leads us to the conclusion that the plaintiffs have failed to state facts sufficient to constitute a cause of action for fraud on the part ·of defendants, which, coupled with mistake on plaintiffs' part, would entitle them to the equity of reformation.

For a second cause of action plaintiffs allege: "That the defendant H. Battle Griggs is indebted to the plaintiff Herbert C. Griggs in the sum of $500.00, with interest on same from 15 November, 1934; $500.00, with interest from 15 November, 1935; and $500.00, with interest from 15 November, 1936."

The second cause of action attempted to be set up in the complaint is equally vulnerable. It is not alleged in what manner or for what cause the defendant H. Battle Griggs is indebted to the plaintiff Herbert C. Griggs. A complaint which merely states that the defendant is indebted to plaintiff, and that the debt is due, is demurrable. McIntosh Prac. & Proc., 388-9; *Moore v. Hobbs,* 79 N. C., 535; *Webb v. Hicks,* 116 N. C., 598, 21 S. E., 672. If the debt declared on is that referred to in the sixth paragraph of the first cause of action, as evidenced by notes given for the purchase of real estate interests, it is not alleged that the notes were executed by defendant H. Battle Griggs. If it be contended that the debt is for the purchase of the Wadesboro property, it is nowhere so alleged. If the consideration of the alleged debt of H. Battle Griggs be the purchase price of the real estate interests asked to be stricken from the deed in the first cause of action, the pleading falls within the condemnation of *Smith v. Land Bank, ante,* 343, and *Lykes v. Grove,* 201 N. C., 254, 159 S. E., 360, as improperly uniting causes of action and seeking inconsistent remedies.

The inclusion in the judgment of an order striking out the complaint, because it constituted a material change from the cause of action alleged in a former complaint as to which a demurrer had previously been sustained, becomes immaterial at this time, since the only pleading of the plaintiffs before the court has been overthrown by the judgment sustaining the demurrer. See *Zagier v. Zagier,* 167 N. C., 616, 83 S. E., 913.

The judgment sustaining the demurrer is

Affirmed.