*superior. Hobbs v. Washington,* 168 N. C., 293, 83 S. E., 391. Unless and until the General Assembly shall declare otherwise, a municipality is not liable in damages for the tortious acts of its officers committed in the discharge of their governmental duties. The provisions of G. S., 153-179, are not applicable to the allegations of wrongful death here made. *Moffitt v. Asheville,* 103 N. C., 237, 9 S. E., 695, 14 Am. St. Rep., 810.

Whether Arnold Gentry had a cause of action for personal injuries, which survived his death and became an asset of his estate, is not presented and is not decided. See *Hoke v. Greyhound Corp.,* 226 N. C., 332, 38 S. E. (2d), 105; *Hobbs v. Washington, supra; Moffitt v. Asheville, supra; Manuel v. Comrs.,* 98 N. C., 9, 3 S. E., 829; Anno. 46 A. L. R., 111, s. 61, A. L. R., 571; also *White v. Comrs. of Johnston,* 217 N. C., 329, 7 S. E. (2d), 825.

Affirmed.

SEAWELL, J., dissents.

---

E. G. GENTRY, ADMR. ESTATE OF FRANK GENTRY, v. TOWN OF HOT SPRINGS, NORTH CAROLINA.

(Filed 24 September, 1947.)

APPEAL by plaintiff from *Nettles, J.,* at March Term, 1947, of MADISON.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendant.

The complaint alleges substantially the same facts as those appearing in the companion case, *Gentry, Administrator, v. Town of Hot Springs, N. C., ante,* 665.

Demurrer interposed on the ground that the complaint fails to state facts sufficient to constitute a cause for wrongful death against the defendant municipality.

From judgment sustaining the demurrer, the plaintiff appeals, assigning error.

*Calvin R. Edney for plaintiff, appellant.*
*George M. Pritchard and George L. Greene for defendant, appellee.*

PER CURIAM.   The decision of this case is controlled by the decision in the companion case, *Gentry, Administrator, v. Town of Hot Springs, N. C., ante,* 665.

Affirmed.

SEAWELL, J., dissents.

---

EVERETT JOHNSON v. JAMES (JIM) WALLIN.

(Filed 24 September, 1947.)

**1. Frauds, Statute of, § 9—**

Growing trees are a part of the land, and a contract for the sale thereof comes within the meaning and intent of the statute of frauds.   G. S., 22-2.

**2. Same—**

A contract under which plaintiff was to cut certain trees on defendant's land, haul them and saw them into lumber, deliver 6,000 feet of the lumber to defendant and keep the remainder as payment for cutting the trees, hauling the logs and manufacturing the lumber, is not a contract for the sale of growing timber, but is a contract of employment for the conversion of trees growing on defendant's land into logs and the manufacture of the logs into lumber for the primary benefit of defendant, for which plaintiff was to be compensated in logs, and the exclusion of parol evidence of such contract is erroneous.

APPEAL by plaintiff from *Nettles, J.,* at March Term, 1946, of MADISON.

Civil action to recover by claim and delivery certain logs claimed by plaintiff under an alleged contract between him and defendant.

Plaintiff alleges in his complaint, liberally interpreted:

I.   That he and defendant entered into an agreement concerning a certain boundary of timber owned by the defendant in which it was agreed (1) that plaintiff should cut down certain trees, and saw them into logs; (2) that defendant would haul the logs to a point where plaintiff could reach them with his truck; (3) that plaintiff would then haul the logs to his sawmill and manufacture same into lumber, six thousand feet of which was to be manufactured according to specifications given by defendant, and delivered to defendant; and (4) that plaintiff should have the remainder as pay for cutting the trees, hauling the logs and manufacturing the lumber.

II.   That he, the plaintiff, immediately entered upon the premises of defendant and began the performance of his part of the agreement, and