THOMAS J. SPARKS v. GRADY SPARKS AND WIFE, THELMA SPARKS, AND BELL HENLINE AND HUSBAND, NELSON HENLINE.

(Filed 12 October, 1949.)

**1. Pleadings § 22b—**

In an action to quiet title, the court has authority to permit plaintiff to amend by striking from the complaint a paragraph setting up an estoppel as a further ground for relief, G.S. 1-163, since the amendment does not effect a substantial change in the claim.

**2. Quieting Title § 2—**

An action by a father alleging that he owns the fee simple in a described tract of land and that his son and daughter claim that they own the land in fee as tenants in common by inheritance from their mother subject to the father's life estate as tenant by the courtesy, states a cause of action to quiet title and remove an adverse claim as a cloud thereon, G.S. 41-10, and the spouses of the children being necessary to a complete adjudica-

tion of the cause, their joinder cannot constitute a misjoinder of parties,
G.S. 1-69.

Appeal by defendants from *Pless, J.,* at the April Term, 1949, of
Mitchell.

This is an appeal from a decision upon a demurrer and necessitates an
analysis of the complaint.

When its particularized allegations are properly construed and reduced
to ultimate averments, the complaint alleges that the plaintiff is the owner
in fee simple of certain pertinently described land in Mitchell County,
North Carolina; that the plaintiff is in the actual possession of the land;
that the defendants assert a claim to the land adverse to plaintiff's fee
simple title, *i.e.,* that the defendants, Grady Sparks, and Bell Henline,
whose spouses are also made parties to the action, inherited the lands
from their mother, the plaintiff's deceased wife, Mattie Sparks, and by
reason thereof own the land in fee as tenants in common, subject, however,
to the right of plaintiff to occupy the land during his natural life as
tenant by the curtesy consummate; that such adverse claim of the defend-
ants is wrongful for the reason that plaintiff owned the land in fee simple
at the time of his wife's death and she then had no interest therein; and
that such wrongful claim of the defendants constitutes a cloud on plain-
tiff's fee simple title. The prayer of the complaint is, in substance, that
plaintiff's title to the land in controversy be quieted, and that the adverse
claim of the defendants to the property be removed as a cloud thereon.

As originally filed, the complaint contained an additional paragraph,
which was designated as Paragraph 8 and which sets forth these matters:

"8. That the defendant, Bell Henline, is further estopped from assert-
ing or claiming any title, right or interest in said land for the reason
that on 5 July, 1933, the plaintiff and his wife, Mattie Sparks, executed
and deeded 37 acres of land to Nelson Henline and wife, Bell Sparks
Henline, with the distinct understanding and agreement that the said
37 acres of land should be the full and complete share of said Bell Sparks
Henline in the estate of the said Thomas J. Sparks and wife, Mattie
Sparks, and that the said Bell Sparks Henline accepted said deed and
had the same recorded in Book 93, page 5, office of Register of Deeds for
Mitchell County, and is asked to be made a part of this amended com-
plaint the same as if specifically alleged herein."

The defendants demurred to the complaint for misjoinder of parties and
causes. Upon the hearing, the court permitted the plaintiff to amend
his complaint by the withdrawal of Paragraph 8 in its entirety, and
entered an order overruling the demurrer and authorizing defendants
to plead to the complaint as amended. The defendants excepted and
appealed.

SPARKS v. SPARKS.

*Hall & Zachary for plaintiff, appellee.*
*Fouts & Watson for defendants, appellants.*

ERVIN, J.  The order allowing plaintiff to amend his complaint was authorized by G.S. 1-163 conferring upon courts the discretionary power to permit amendment of pleadings at any stage of a trial, even after final judgment, unless the amendment effects a substantial change in the claim or defense.

Manifestly, the complaint as amended states but one cause of action, *i.e.,* a cause of action to quiet title to the *locus in quo* and to remove an adverse claim as a cloud thereon.  G.S. 41-10; McIntosh: North Carolina Practice and Procedure in Civil Cases, sections 986-987; 51 C.J., Quieting Title, sections 154-170; 44 Am. Jur., Quieting Title, section 79.  In consequence, no basis remains for the contention that several causes of action have been improperly united.  G.S. 1-127.

Moreover, the amended complaint makes it clear that the defendants claim interests in the land in dispute under a common source adversely to plaintiff, and that their presence before the court is necessary to a complete adjudication of the questions involved in the suit.  Hence, there is no misjoinder of parties.  G.S. 1-69; *McKeel v. Holloman,* 163 N.C. 132, 79 S.E. 445; *Swindell v. Smaw,* 156 N.C. 1, 71 S.E. 1; *Colgrove v. Koonce,* 76 N.C. 363; 51 C.J., Quieting Title, section 150; 44 Am. Jur., Quieting Title, section 77.

The elimination of the eighth paragraph from the complaint obviates the necessity for ruling whether it rendered the complaint in its former state bad for misjoinder of causes of action.  We do suggest, however, without so deciding, that the advancement or estoppel set out in paragraph eight inures to the benefit of Grady Sparks as an heir of Mattie Sparks rather than to the plaintiff as her surviving husband, and that in consequence paragraph eight of the complaint as it originally stood did not state a second cause of action in favor of the plaintiff against the defendants or any of them.  Be this as it may, the defendants have no just cause to complain of the refusal of the court to dismiss the action for the supposedly objectionable portion of the complaint was removed by the amendment.  *Shore v. Holt,* 185 N.C. 312, 117 S.E. 165.

The judgment overruling the demurrer and authorizing the defendants to plead to the complaint as amended is

Affirmed.