OWEN H. TEAGUE AND HIS WIFE, HELEN TEAGUE, v. SILER CITY OIL COMPANY AND AMERICAN OIL COMPANY.

(Filed 11 October, 1950.)

**1. Pleadings § 20½—**

> Where there is a misjoinder of causes of action, the cause will not be dismissed upon demurrer but the court will merely sever the causes and divide the actions.  G.S. 1-132.

**2. Same—**

> Where the complaint fails to state a cause of action, order sustaining demurrer on this ground does not effect a dismissal but merely strikes the complaint, and the cause remains on the docket and should be dismissed only if plaintiff fails to amend or file a new complaint as permitted to do by statute.  G.S. 1-131, G.S. 1-162.

**3. Same—**

> Where there is a misjoinder of parties and causes of action an order sustaining demurrer thereto on this ground necessitates a dismissal of the action.

**4. Pleadings § 22b—**

> Where there is a misjoinder of parties and causes of action, plaintiff may move to file a substituted or amended pleading at any time before judgment is entered sustaining the demurrer, but after such judgment is entered the court has no authority to entertain a motion for leave to file a new or amended complaint for the reason that there is no action pending in which the court has jurisdiction to entertain a motion.  G.S. 1-161.

**5. Appeal and Error § 51a—**

> Decision of the Supreme Court holding that the trial court was in error in overruling a demurrer for misjoinder of parties and causes of action does not have the effect of sustaining the demurrer or of entering judgment dismissing the action, but is merely a direction to the court below to reverse its ruling.

**6. Pleadings § 23—**

> Where the Supreme Court decides that the trial court was in error in overruling demurrer for misjoinder of parties and causes of action, the cause remains on the docket until entry of judgment in accordance with the opinion of the Supreme Court, and at any time prior to the entry of such judgment the trial court has authority to hear plaintiff's motion for leave to file a substitute or amended pleading.

APPEAL by plaintiffs from *Williams, J.,* in Chambers, 29 June 1950, CHATHAM.   Error.

Civil action to recover damages for the wrongful destruction of property by fire, heard on motion by plaintiffs for leave to file a new amended complaint.

This cause was here on a former appeal, *Teague v. Oil Co., ante,* p. 65. On that appeal this Court held that the court below erred in overruling a demurrer for misjoinder of parties and causes of action interposed by defendants. After the opinion of this Court was certified down, but before final judgment thereon in the Superior Court, plaintiffs appeared before the clerk and, after due notice to defendants, moved for leave to file a "new amended complaint," which proposed pleading was attached to the written motion.

The clerk, without objection, transferred the motion for hearing before the resident judge.

When the motion came on to be heard before the resident judge, he concluded "that the legal effect of such demurrer operates as a dismissal of this action and that this court is without authority to allow an amendment to the pleadings," and thereupon entered an order denying the motion "for want of authority." Plaintiffs excepted and appealed.

*Bell & Horton, Thos. C. Carter, and Long & Ross for plaintiff appellants.*

*Smith, Wharton, Sapp & Moore for defendant appellee American Oil Company.*

*J. L. Moody, L. P. Dixon, and Barber & Thompson for defendant appellee Siler City Oil Company.*

BARNHILL, J. Does a Superior Court judge have authority to permit the filing of a new complaint after the opinion of this Court, reversing judgment overruling a demurrer for misjoinder of parties and causes of action, has been certified down but before final judgment in the Superior Court? This is the one specific question presented for decision. The court below said no. We are constrained to reverse.

Where the ground of demurrer is the misjoinder of causes of action, the cause will not be dismissed. The court will merely sever the causes and divide the actions. G.S. 1-132; *S. v. McCanless,* 193 N.C. 200, 136 S.E. 371; *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382.

A demurrer for that the complaint fails to state a cause of action tests the sufficiency of the pleading. *Insurance Co. v. Stadiem,* 223 N.C. 49, 25 S.E. 2d 202; *Leonard v. Maxwell, Comr. of Revenue,* 216 N.C. 89, 3 S.E. 2d 316; *Gentry v. Hot Springs,* 227 N.C. 668, 44 S.E. 2d 87. It in no wise challenges the validity of the action. An order sustaining the demurrer in effect merely strikes the complaint. The action remains on the docket *sans* a pleading and will be dismissed only in the event the plaintiff fails to amend or file a new complaint as he is by statute permitted to do. G.S. 1-131; G.S. 1-162; *Shore v. Holt,* 185 N.C. 312,

117 S.E. 165; *Pressley v. Tea Co., supra; R. R. v. Hardware Co.,* 135 N.C. 73.

On the other hand, a demurrer for that there is a misjoinder of parties and causes of action strikes at the heart of the case. The right of two or more persons to sue on separate and distinct causes of action where neither plaintiff has an interest in the claim of the other does not exist under our system of procedure. Separate and distinct causes of action set up by different plaintiffs or against different defendants may not be incorporated in the same pleading. *Holland v. Whittington,* 215 N.C. 330, 1 S.E. 2d 813. Such a misjoinder of parties and causes constitutes a defect which, if not cured in apt time, necessitates a dismissal of the action. *Moore County v. Burns,* 224 N.C. 700, 32 S.E. 2d 225, and cases cited; *Davis v. Whitehurst,* 229 N.C. 226, 49 S.E. 2d 394; *Burleson v. Burleson,* 217 N.C. 336, 7 S.E. 2d 706.

There can be no division of the action under G.S. 1-132. The whole must fall. *Moore County v. Burns, supra.*

After a judgment sustaining a demurrer on this ground is entered, the court is without authority to entertain a motion for leave to file a new or amended complaint for the reason there is no action pending in which the court has jurisdiction to entertain the motion. *Grady v. Warren,* 202 N.C. 638, 163 S.E. 679. If the plaintiff stands his ground and risks an adverse judgment on a demurrer for misjoinder of parties and causes, and judgment is entered sustaining the demurrer and dismissing the action, he must suffer the consequences.

It may be that this Court in the beginning might have held that the provisions of G.S. 1-131 serve to retain the cause on the docket after final judgment sustaining a demurrer for misjoinder of parties and causes, for the purpose of entertaining a motion for leave to amend. The fact remains it did not do so. Instead, it concluded that such judgment ends the action for all purposes save the right of appeal. With some slight wavering in the beginning, the Court has consistently followed this view. We now see no good reason why we should depart from the long line of cases to that effect.

But this does not mean that plaintiff is cut off and deprived of his right to move for leave to amend his pleadings immediately upon the filing of the demurrer or at any time prior to an adverse ruling on the demurrer. G.S. 1-161; *Walker v. Oil Co.,* 222 N.C. 607, 24 S.E. 2d 254; *Sparks v. Sparks,* 230 N.C. 715, 55 S.E. 2d 477. Until the demurrer is heard and sustained the cause is open for motion to file a substituted or amended pleading, and the court has full authority to hear the motion and permit the plaintiff to replead.

This brings us to the force and effect of our opinion on the former appeal. We did not sustain the demurrer or enter judgment dismissing

the action. We merely held that the court below erred in its refusal to do so. In effect we directed the court below to reverse its ruling. Even so, the cause remained on the docket open to motion at any time prior to the entry of judgment in accord with the opinion of this Court. *Morris v. Gentry,* 89 N.C. 248. The cause is not terminated and the action is not dismissed until such judgment is entered.

It must be noted in this connection that the court below overruled the demurrer. Hence it did not dismiss the action. Whether the decision of this Court affirming a judgment which sustains a demurrer for misjoinder of parties and causes cuts off the right of plaintiff to apply for leave to amend is a question which is not presented on this record. While our decisions seem to answer in the affirmative, we leave the question without *obiter* comment. See, however, *Grady v. Warren, supra.*

The conclusion here reached is not at variance with our decision in *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247. There the court undertook to sustain the demurrer to the cross action for misjoinder of parties and causes and at the same time, apparently *ex mero motu,* retain the cross action for amendment. Under our decisions the judgment sustaining the demurrer worked a dismissal of the cross action. The court could not dismiss and, at the same time, retain it for amendment. Furthermore, the asserted cross actions were not pleadable in that action so that an amendment could not serve to remedy the defect.

The cause is remanded to the end the court below may hear and decide the motion of plaintiffs for leave to file a new or substitute complaint. *Morris v. Gentry, supra.* In the event the motion is denied, the court should enter judgment dismissing the action in accord with our opinion on the former appeal.

Error.