NANCY JANE BURRELL v. DICKSON TRANSFER COMPANY AND
GEORGE VERNON BURRELL.

(Filed 31 October, 1956.)

**1. Pleadings § 22—**

If a complaint is subject to amendment, the allowance of such amendment
is addressed to the discretion of the trial judge, G.S. 1-131, G.S. 1-161,
G.S. 1-163, and where motion for leave to amend is made at term, the
statutory provision as to notice of such motion does not apply. G.S. 1-131.

**2. Same: Courts § 5—**

Where a judge of the superior court sustains demurrer to the complaint
and grants plaintiff time to file amended complaint, the order is in effect a
ruling that the complaint contains a defective statement of a good cause of
action and is subject to amendment, and therefore another superior court
judge is bound by such ruling even if the ruling be erroneous, since it could
not be set aside by another superior court judge for error of law, nor could
it be reviewed on appeal in the absence of exception thereto.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Phillips, J.,* 30 April, 1956, Term, of FOR-
SYTH.

Plaintiff's appeal is from a judgment dismissing the action.   Only
pleadings and judgments relating thereto are involved.

Plaintiff's action grows out of these *alleged* facts.   A tractor-trailer,
owned by Dickson Transfer Company and operated in its behalf by its
employee, proceeded eastwardly on Twelfth Street in Winston-Salem.
The driver, ignoring the stop sign at the entrance to Highland Avenue,
"swung" the tractor-trailer to the right into Highland Avenue, the
dominant highway.   To avoid collision with the tractor-trailer, George
Vernon Burrell, originally a defendant herein, operating plaintiff's pas-
senger car northwardly on Highland Avenue, was forced to run into
and over the curb on the north side of Twelfth Street, into and against
a mailbox, etc., on account of which plaintiff, who was riding in her
said passenger car, was injured.

In her original complaint, plaintiff sought to recover damages for
personal injuries from both defendants on account of their alleged joint
negligence, alleging in detail the respects in which each defendant was
negligent.   Each defendant answered, denying negligence on its (his)
part but unequivocally admitting plaintiff's allegations of negilgence
against its (his) codefendant; and the corporate defendant pleaded the
alleged negligence of Burrell, plaintiff's driver, in bar of plaintiff's right
to recover from it.

On 2 June, 1955, after the aforesaid pleadings had been filed, judg-
ment of voluntary nonsuit was entered by Sharp, J., as to defendant
Burrell, whereby the action as to him was dismissed.

On 7 June, 1955, Sharp, J., signed and entered an order worded as follows:

"This cause coming on to be heard . . . upon the demurrer to the complaint *ore tenus* by the defendant, Dickson Transfer Company, and the Court upon due consideration being of the opinion the demurrer should be sustained.

"Now, THEREFORE, it is accordingly ADJUDGED that the demurrer be and it is hereby sustained; and the plaintiff is allowed thirty days from this date in which to file an amended complaint."

The record does not show that exception was taken either to said judgment of nonsuit or to said order of 7 June, 1955.

Thereafter, on 5 July, 1955, plaintiff filed amended complaint against the Dickson Transfer Company, then the sole defendant, setting forth therein substantially the same allegations she had made in her original complaint concerning the alleged negligence of said defendant but omitting all allegations of the original complaint concerning alleged negligence on the part of Burrell.

On 20 July, 1955, defendant answered the amended complaint, pleading, *inter alia,* the negligence of Burrell, plaintiff's agent, in bar of plaintiff's right to recover.

On 3 May, 1956, the court below signed and entered the following judgment:

"This cause coming on to be heard and being heard before His Honor F. Donald Phillips, Judge Presiding at the April, 1956, Term of the Superior Court, and it appearing to the court that said cause is calendared for trial at said term and being heard upon a motion of the defendant, Dickson Transfer Company, to dismiss the action, and it further appearing to the court that at a prior term of this court beginning on May 23, 1955, lasting for three weeks when this case was calendared for trial on the second week thereof, upon a demurrer *ore tenus* by the defendant, Dickson Transfer Company, heard on May 31, 1955, Her Honor Susie Sharp, Judge Presiding, sustained the demurrer and thereafter on June 2, 1955, and before formal order was entered sustaining the demurrer, the plaintiff took a voluntary nonsuit against the co-defendant, George Vernon Burrell, and thereafter a formal order was also entered on June 7, 1955, sustaining the demurrer of the said defendant, from which order sustaining said demurrer the plaintiff did not appeal, and at the same time the court allowed the plaintiff thirty days in which to file an amended complaint against the defendant, Dickson Transfer Company, and the plaintiff did file an amended complaint as appears of record, and it further appearing to the court that the plaintiff's counsel admitted in open court that George Vernon Burrell was the servant and agent of the plaintiff.

"Now, THEREFORE, it is ORDERED, ADJUDGED AND DECREED that the plaintiff alleged and stated a defective cause of action against the defendant, Dickson Transfer Company, and the demurrer of said defendant was properly allowed by Judge Sharp, and since the plaintiff alleged a defective cause of action, *the dismissal of her suit against the said defendant was final* and the order allowing thirty days in which to file an amended complaint was surplusage and the plaintiff's cause should be and is hereby dismissed with the costs of the court to be taxed against the plaintiff, and it is so ordered." (Italics added.)

Plaintiff excepted and appealed, assigning as error the signing and entry of said judgment of 3 May, 1956.

*Fred M. Parrish, Jr., and Ingle, Rucker & Ingle for plaintiff, appellant.*

*Deal, Hutchins & Minor for defendant Dickson Transfer Company, appellee.*

BOBBITT, J. It appears from recitals in the judgment of Judge Phillips that the hearing before Judge Sharp on Dickson Transfer Company's demurrer *ore tenus* was held 31 May, 1955; that Judge Sharp then sustained said demurrer, albeit the formal order was not signed until 7 June, 1955; and that between these dates the judgment of voluntary nonsuit as to Burrell was entered. Whether Judge Sharp on 31 May, 1955, announced a positive ruling as distinguished from an intended ruling, the fact is that no order was signed until 7 June, 1955. Apart from that, had Judge Sharp on 31 May, 1955, signed a judgment sustaining the demurrer *ore tenus,* such judgment would have been *in fieri* during the term, subject to being set aside, modified or amended by her further order. *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407. While sustaining the demurrer, Judge Sharp allowed plaintiff to file an amended complaint. The amended complaint was filed within the time allowed. Defendant answered the amended complaint.

Defendant insists that Judge Sharp should have dismissed the action; that it was not a matter within her discretion as to whether plaintiff should have been allowed to file an amended complaint; and that this is true because the cause of action alleged in the original complaint was a defective cause of action as distinguished from a defective statement of a good cause of action.

"Where there is a defective statement of a good cause of action, the complaint is subject to amendment; and the action should not be dismissed until the time for obtaining leave to amend has expired. G.S. 1-131. But where there is a statement of a defective cause of action, final judgment dismissing the action should be entered." *Mills v. Richardson,* 240 N.C. 187, 81 S.E. 2d 409; *Teague v. Oil Co.,* 232 N.C. 469,

61 S.E. 2d 345. The following cases disclose *clear* instances where the "plaintiff's supposed grievance is not actionable." *Scott v. Veneer Co.,* 240 N.C. 73, 77, 81 S.E. 2d 146; *Lewis v. Ins. Co.,* 243 N.C. 55, 89 S.E. 2d 788; *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135.

If the original complaint was subject to amendment, the allowance of such amendment was addressed to the discretion of the trial judge. G.S. 1-131; G.S. 1-161; G.S. 1-163; *Hood, Comr. of Banks, v. Motor Co.,* 209 N.C. 303, 183 S.E. 529; *McKeel v. Latham,* 203 N.C. 246, 165 S.E. 694. And where motion for leave to amend is made at term, the statutory provision as to notice of such motion does not apply. G.S. 1-131; *Harris v. Board of Education,* 217 N.C. 281, 7 S.E. 2d 538.

The fact is that Judge Sharp, while sustaining the demurrer *ore tenus,* allowed plaintiff to file an amended complaint; and in so doing Judge Sharp in effect ruled that the original complaint contained a defective statement of a good cause of action. Whether it contained a defective statement of a good cause of action or a statement of a defective cause of action was a question of law. If Judge Sharp's decision thereon was incorrect, her order was *erroneous.* It could not be set aside for error of law by another Superior Court judge at a subsequent term. *Mills v. Richardson, supra; Hoke v. Greyhound Corp., supra.* Nor will it be reviewed by this Court in the absence of exception taken thereto.

True, the judgment of Judge Phillips recites that "the plaintiff's counsel admitted in open court that George Vernon Burrell was the servant and agent of the plaintiff." However, the amended complaint does not allege that any negligence on the part of Burrell caused or concurred in causing plaintiff's injury.

The portion of Judge Phillips' judgment, to wit, "the dismissal of her suit against the said defendant was final," is erroneous, being in direct conflict with Judge Sharp's order of 7 June, 1955, which did not dismiss plaintiff's suit but on the contrary granted leave to plaintiff to file an amended complaint.

When the cause came before Judge Phillips, the relevant subsisting pleadings were the amended complaint and the answer thereto. The original complaint had been superseded by the amended complaint. *Zagier v. Zagier,* 167 N.C. 616, 83 S.E. 913; *Griggs v. Griggs,* 213 N.C. 624, 627, 197 S.E. 165.

The conclusion reached is that the case is now pending for trial on said amended pleadings. Therefore, the judgment of Judge Phillips dismissing plaintiff's action is

Reversed.

Johnson, J., not sitting.