CHARLIE DUDLEY, BY HIS NEXT FRIEND, CALVIN DUDLEY v. ROBERT DUDLEY AND HIS WIFE, VERA MAE DUDLEY.

(Filed 8 April, 1959.)

**Pleadings §§ 20½, 21—**

Plaintiff has the right to move for leave to file an amended complaint upon three days' notice after judgment sustaining a demurrer from which no appeal is taken, but he does not have the right to file such amendment without notice and without leave, G.S. 1-131, and such amended complaint filed without notice or leave is properly dismissed, and the defendant may thereafter move that the action be dismissed for failure to comply with the statute.

APPEAL by plaintiff from *Gambill, J.*, December, 1958 Term, FORSYTH Superior Court.

Civil action to remove cloud upon title to specifically described real estate and have plaintiff declared to be the true owner. The defendant filed a demurrer to the complaint and on September 9, 1958, Judge Sharp entered a judgment sustaining the demurrer but retaining the cause for further orders. There was neither exception to, nor appeal from the judgment. On September 17, 1958, the plaintiff, without notice and without leave of the court, attempted to file an amendment to the original complaint. The defendant moved in writing "to dismiss the alleged amendment to the complaint," among other grounds, for failure to obtain leave of the court to file it. On November 21, 1958, Judge Gambill, after hearing, entered an order "That the amendment to the complaint filed in this cause on the 17 day of September, 1958, be, and the same is hereby dismissed." The plaintiff excepted and appealed.

*Clyde C. Randolph, Jr., Robert M. Bryant for plaintiff, appellant.*
*J. F. Motsinger for defendants, appellees.*

HIGGINS, J.  G.S. 1-131 provides: "Within thirty days after the return of the judgment upon the demurrer, if there is no appeal, or within thirty days after the receipt of the certificate from the Supreme Court, if there is an appeal, if the demurrer is sustained the plaintiff

may move, upon three days' notice, for leave to amend the complaint. If this is not granted, judgment shall be entered dismissing the action." *Burrell v. Transfer Co.*, 244 N.C. 662, 94 S.E. 2d 829; *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409; *Teague v. Oil Co.*, 232 N.C. 469, 61 S.E. 2d 345.

The statute and the decisions authorized dismissal of the action if leave to amend is not obtained. Judge Gambill merely dismissed the amended complaint, thus leaving the cause upon the docket without a pleading. "An order sustaining the demurrer in effect merely strikes the complaint. The action remains on the docket *sans* a pleading and will be dismissed only in the event the plaintiff fails to amend or file a new complaint as he is by statute permitted to do." *Teague v. Oil Co., supra.*

Judge Gambill's order dismissing the amended complaint (filed without leave) did not dismiss the action but merely left it still pending without a pleading. The defendant has the right to move that the action be dismissed for failure to comply with the statutory requirement. The order dismissing the amended complaint is

Affirmed.