HANNAH VESTER STRICKLAND AND HUSBAND, BOBBY STRICKLAND; JOHN MILTON VESTER AND WIFE, MADELINE VESTER; AND FRANK LANE VESTER v. H. P. JACKSON AND WIFE, ANNIE S. JACKSON.

(Filed 18 September 1963.)

**Appeal and Error § 59;	Pleadings § 24—**

Where the Superior Court sustains demurrer and grants leave to amend, and plaintiff appeals therefrom, the appeal stays further proceedings, but upon certification of decision affirming the judgment the thirty-day period begins to run, and an amendment filed after the thirty-day period may be stricken. An order of the Superior Court "ratifying and affirming" a decision of the Supreme Court does not affect the rights of either party.

APPEAL from *Latham, S.J.,* May, 1963 Term. PITT Superior Court.
The first chapter in this civil action is recorded in this Court's opinion reported in 259 N.C. 81. The pleadings are there analyzed.

At the September Term, 1962, Judge Mintz entered an order sustaining the demurrer and allowing the plaintiffs 30 days in which to amend. The plaintiffs, refusing to amend, appealed. On March 20, 1963, this Court filed its opinion affirming the order. This Court's Certificate was received by, and recorded in, the Superior Court of Pitt County on April 3, 1963.

On April 19, 1963, Judge Hubbard, upon motion of the defendants' counsel, entered an order in the Superior Court of Pitt County "that the opinion of the Supreme Court in said action be, and the same is hereby in all respects ratified and affirmed." On May 13, 1963, the

plaintiffs attempted to file in the Superior Court of Pitt County an amendment to the complaint. At the May 27, 1963 Term, the defendants moved to strike the proposed amended complaint upon the ground it was not filed within the 30 days allowed by Judge Mintz. After hearing, Judge Latham entered an order striking the amendment upon the ground it was not timely filed. The plaintiffs again excepted and appealed.

*Sam B. Underwood, Jr., for plaintiffs, appellants.*
*James & Hite, by Kenneth G. Hite, for defendants, appellees.*

HIGGINS, J.   The parties to the present controversy have shown a disposition to stand strictly upon their legal rights. Discretionary power vested in the judges of superior court to permit amendments to pleadings (G.S. 1-161; *Electric Co. v. Dennis,* 255 N.C. 64, 120 S.E. 2d 533; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785;) has not been invoked.

The appeal from the Mintz judgment had the effect of suspending further proceedings pending the appeal. The suspension, however, was lifted when this Court's affirming Certificate was received in the Superior Court of Pitt County on April 3, 1963. As of that date the rights of the parties were fixed by G.S. 1-131, with which the challenged order conformed. The plaintiffs had authority to amend within 30 days. *Dudley v. Dudley,* 250 N.C. 95, 107 S.E. 2d 918; *Teague v. Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345. Judge Hubbard's order of April 19, 1963, neither added to nor took from the rights of either party.

The plaintiffs' amendment of May 13, 1963, was not filed within 30 days. Consequently, the order of Judge Latham striking the amendment is
Affirmed.