TIGHTS, INC. v. INDIAN HEAD HOSIERY COMPANY A DIVISION OF
JOSEPH BANCROFT & SONS CO.

No. 7018SC76

(Filed 25 February 1970)

**Pleadings §§ 29, 32;   Courts § 9—   judgment sustaining demurrer
with leave to amend — dismissal of amended complaint**

Where a judge of the superior court sustained the demurrer to the com-
plaint and allowed plaintiff thirty days in which to file an amended com-
plaint, the judge in effect ruled that the original complaint contained a
defective statement of a good cause of action, and therefore another su-
perior court judge was without authority to dismiss the amended com-
plaint on the ground that it failed to state a cause of action.

APPEAL from *Collier, J.,* 22 September 1969 Session of GUILFORD
Superior Court.

Plaintiff appealed from a judgment sustaining a demurrer to the
action and dismissing the action. The only matters involved in the
decision of this case are the pleadings and judgments entered thereon.

The plaintiff's action is based on the following alleged facts: The
plaintiff is a corporation engaged in the development and promotion
of a garment known as ladies panty hose. Prior to 1967 these gar-
ments were available to women and were produced by knitting ladies
seamless stockings designed to extend to the waist of the wearer,
slitting the stocking from the waist to the crotch area, adding addi-
tional fabric between the two stockings and then sewing the slit areas
together. Joseph G. Walser, Jr., and O. R. York, of High Point,
North Carolina, promoters of the plaintiff corporation, developed a
process to produce panty hose without the addition of a crotch piece.
They took their process to U. S. Industries, Inc., of Grenada, Miss-
issippi, where samples were produced and data accumulated which
indicated that their discovery could result in a savings of from fifty
to seventy-five cents per dozen of such garments manufactured.

The plaintiff corporation was formed in October 1967 and re-
ceived from York and Walser an assignment of their unpatented
ideas and technical know-how as well as assignments of United
States Letters Patent Number RE25, 360, and United States Letters
Patent Number 3344621. In November 1967, Walser, as president
of the plaintiff corporation, contacted Fred J. Wiley, vice-president
of defendant corporation, and discussed his product with him. Later
the same month, Walser again called on Wiley and at Wiley's re-
quest left with him samples of his product in order that certain tests
could be made. A reasonable royalty was to be fixed after these

tests were completed. Shortly after this meeting the defendant began to produce and market panty hose in which the plaintiff corporation's ideas were used and has refused to negotiate with the plaintiff regarding a reasonable royalty.

On 13 March 1969, the defendant filed a demurrer and on 1 May 1969, Judge Lupton signed an order sustaining the demurrer and allowing the plaintiff thirty days within which to file an amended complaint.

The plaintiff filed an amended complaint on 23 May 1969 in which it alleged that the defendant believed it impossible to produce a commercially acceptable garment without the additional crotch piece prior to Walser's disclosure to them and that even though the ideas, information and processes revealed by Walser had been of great benefit to them, they have continued to refuse to pay just compensation, although demand therefor has been made and the parties contemplated such payment at the time of disclosure.

The defendant demurred to the amended complaint on 17 June 1969 and on 30 September 1969, the following order was entered by Collier, J.:

"THIS CAUSE coming on to be heard before the undersigned Judge presiding at the September 22nd, 1969 session of the General Court of Justice for Guilford County Superior Court Division, at Greensboro, upon the Demurrer of the defendant to the Amended Complaint for that said Amended Complaint fails to state a cause of action and the Court being of the opinion that the Demurrer should be sustained.

"NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED that said Demurrer be, and the same hereby is, sustained and that the action be, and the same hereby is, dismissed."

To the entry of this order the plaintiff excepted and appealed to this Court.

*Smith, Moore, Smith, Schell and Hunter, by Jack W. Floyd and Harold N. Bynum, for the plaintiff-appellant.*

*McLendon, Brim, Brooks, Pierce and Daniels, by C. Allen Foster, and Darby and Darby, by William F. Dudine, Jr., and William Van Wagenen, Jr., for the defendant-appellee.*

HEDRICK, J.

The only question before this Court for determination is whether the order entered by Collier, J., sustaining the defendant's demurrer and dismissing the plaintiff's action is proper in light of the effect of the order entered by Lupton, J., earlier in the action. In order to answer this question it is essential that we first determine the effect of the order entered by Judge Lupton on 1 May 1969. Judge Lupton, while sustaining the demurrer of the defendant, allowed the plaintiff corporation thirty days in which it could file an amended complaint. "When a judge of the Superior Court sustains a demurrer to the complaint and grants plaintiff time to file an amended complaint, the order is in effect a ruling that the complaint contains a defective statement of a good cause of action and is subject to amendment, and therefore another Superior Court judge is bound by such ruling even if the ruling is erroneous, since such order cannot be set aside by another Superior Court judge for error of law, nor can it be reviewed on appeal in the absence of an exception thereto." 6 Strong, North Carolina Index 2d, Pleading, § 32; *Burrell v. Transfer Co.*, 244 N.C. 662, 94 S.E. 2d 829 (1956).

In the *Burrell* case, *supra*, Judge (now Justice) Sharp sustained a demurrer *ore tenus* to the original complaint and allowed the plaintiff thirty days in which to file an amended complaint. After the amended complaint was filed, the defendant moved to dismiss the action. Judge Phillips allowed the motion to dismiss stating that he believed the plaintiff had stated a defective cause of action and that therefore Judge Sharp was correct in sustaining the demurrer and that her dismissal of the action was correct. The Supreme Court pointed out that Judge Sharp had not dismissed the action but had instead given the plaintiff time in which to file an amended complaint, and that Judge Phillips had no authority to dismiss the action and reversed his judgment.

In the present case when Judge Lupton sustained the demurrer and allowed the plaintiff thirty days in which to file an amended complaint, he in effect ruled that the original complaint contained a defective statement of a good cause of action. Whether the complaint contained a defective statement of a good cause of action or a statement of a defective cause of action was a question of law and if Judge Lupton's decision thereon was incorrect it was erroneous. *Burrell v. Transfer Co.*, *supra*. Judge Collier was without authority to set aside Judge Lupton's decision on this question; therefore, it was error for him to dismiss the plaintiff's action on the ground that it contained a statement of a defective cause of action. This Court

will not undertake to review the judgment entered in this action by Judge Lupton since no exception was taken thereto at the time it was entered.

For the reasons stated above the judgment of Collier, J., dismissing the action instituted by the plaintiff is

Reversed.

CAMPBELL and PARKER, JJ., concur.