L. L. DAMERON AND WIFE v. ROWLAND LUMBER COMPANY.

(Filed 19 March, 1913.)

1. **Deeds and Conveyances—Reformation—Equity—Mutual Mistake —Innocent Purchasers—Time of Notice.**

Where a suit is brought to correct a deed to standing timber on a larger acreage of land than was intended by the parties, for mutual mistake, against one claiming to be an innocent purchaser for value, without notice, an issue is presented as to whether the defendant had notice of the plaintiff's equity at the time he bought the timber from the plaintiff's grantee, and paid for it; for if he did not have notice at that time, he acquires title to the timber embraced in the conveyance free from the equity sought to be established.

2. **Same—Pleadings—Evidence—Burden of Proof.**

A. conveyed the timber growing on certain described lands to B., who conveyed to C. Thereafter C. obtained from A. a conveyance, referring for description to the first deed, granting an extension of time within which to cut and remove the timber. In a suit brought by A. against C. to correct the deeds for mutual mistake in the quantity of timber conveyed, the plaintiff must either show that C. purchased from B. with knowledge of his equity, or allege and prove that there was mutual mistake in the conveyance extending the time for cutting the timber.

3. **Deeds and Conveyances—Reformation—Equity—Mutual Mistake —Fraud.**

A deed cannot be corrected or reformed because of the mistake of one of the parties to it, but only when the mistake is mutual; or when the mistake of one party is brought about by the fraud of the other.

**4. Hypothetical Questions—Evidence.**

  A hypothetical question which presupposes the existence of facts of which there is no evidence is incompetent.

APPEAL from *O. H. Allen, J.,* at February Term, 1912, of SAMPSON.

Civil action. These issues were submitted to the jury:

1. Was the description of the land in the original timber deed from the plaintiff to H. L. Pope, trustee, inserted by the mutual mistake of the plaintiff and said Pope? Answer: Yes.

2. At the time of the execution of the extension deed referred to in the complaint was all the timber on plaintiffs' lands embraced in said deed by the mutual mistake of the parties? Answer: Yes.

3. If so, what land was intended by them to have been described therein? Answer: Yes; the seventy-five (75) acres of land in Motley Branch, Ward's Swamp, and the Great Coharie up to the line chopped by Mr. Joe Faison the first time.

4. Is the plaintiffs' cause of action barred by the statute of limitations? Answer: No.

5. What damages has the plaintiff sustained by reason of the cutting and removal of the timber on the lands of the plaintiffs, other than the 75 acres referred to in the complaint? Answer: $1,308 damage.

The defendant appealed.

  *H. A. Grady and Fowler & Crumpler for plaintiffs.*
  *A. McL. Graham and G. E. Butler for defendant.*

BROWN, J. This action is brought to correct the description in a deed for timber executed in 1892 by plaintiffs to H. L. Pope, which is as follows:

"Bounded by the lands of James Warwick, Redet Carr, Dr. Benton, and Calvin Bowden, being the same property deeded to me from J. D. Packer and wife, registered in Book 43, page 513, etc., containing 75 acres, more or less. Timber to be cut 12 inches and upwards across the stump."

The defendant acquired title by mesne conveyances, and on 21 December, 1906, the timber being uncut, purchased from plaintiff an extension of time, evidenced by extension deed duly

DAMERON *v.* LUMBER CO.

executed, and under that contract defendant has proceeded to cut the timber not only on the 75 acres, but on the entire land described in the Packer deed.

The allegation of the complaint upon which the Pope deed is sought to be reformed is as follows:

"That said deed calls for only 75 acres of timber on a tract of 216 acres, said 75 acres lying on the south end of said tract and at the time of the execution of said deed to said Pope, cutting off from said 216-acre tract the 75 acres of land upon which the timber was sold. That in drawing the deed for said timber, through the inadvertence of the draftsman, the boundaries of said 75-acre tract were left out, and while said deed calls for only 75 acres, yet the description therein covers all of the lands of the plaintiffs. Said error was not known to the plaintiffs until a few days prior to the commencement of this action, and was due to the mutual mistake of the parties thereto."

It is admitted that the deed as written covers the timber on all the land described in the Packer deed, that being the controlling description.

The defendant claims to be a *bona fide* purchaser for value and without notice of the alleged claim of plaintiff, and tendered this issue:

"Did the defendant, Rowland Lumber Company, at the time it purchased the timber in question from the North State Lumber Company (Pope's grantee), have notice of any mistake on the part of the plaintiff and Pope in the execution of the original timber deed? Answer: ........"

His Honor erred in not submitting such issue in the present state of the pleadings.

It is not material that defendant had notice at the date of the extension deed. It had then bought and paid for the timber conveyed by the deed from plaintiffs to Pope. The defendant's rights as to the quantity of timber acquired is to be determined by the date of the purchase from the North State Company, Pope's grantee, except as hereinafter stated.

If at that time the defendant had no actual or constructive notice of the plaintiff's equity, and was a *bona fide* purchaser

for value, it acquired title to the timber in controversy, and the extension of the time of cutting by plaintiffs did not affect it.

The action is not brought to reform and correct the extension deed, as we understand the complaint. That deed refers to the deed to Pope, Book 80, page 447, for a description of the land, and the extension by its very terms applies to all the timber covered by the Pope deed.

By proper amendment to the complaint the plaintiffs will be permitted to set out another cause of action and to prove, if they can, that the descriptive words of the extension deed were inserted by mutual mistake of the plaintiffs and the defendant, the Rowland Lumber Company, and that the extension deed was intended to apply only to the cutting of timber on the 75 acres, alleged to have been marked out at the time.

If the plaintiff shall succeed in properly establishing that allegation, the issue tendered by defendant, *supra*, would be immaterial. The rights of the defendant would then be determined by the extension deed.

As this case is to be tried again, we will repeat, what has been often decided, that a deed cannot be corrected or reformed because of the mistake of one of the parties to it, but only when the mistake is mutual, that is, the mistake of both parties, or else upon the mistake of one party brought about by the fraud of the other.

We will notice one exception to evidence. Arthur Lee, surveyor, was permitted to testify as follows:

"Suppose you had been given a deed that called for 75 acres in the lowgrounds of Motley Branch, Ward's Swamp, and Great Coharie, where would you have located it?

"Answer: I would have gone to what we call water oak on Big Coharie, at Carr's corner, and run south until I came to the edge of the creek; from the edge of the creek down until I got to the plantation, then the plantation to the end of it; then I would have taken that Motley Branch land up here (indicating on map) as far as it would take to get it."

This evidence is incompetent and should have been excluded. The question was purely hypothetical. It presupposed a deed not in existence and facts not in evidence.

New trial.