This is an action to restrain the cutting of timber and to reform a deed and to recover damages.
On 23 June, 1892, the plaintiffs executed a deed in consideration of $150, to H.L. Pope, trustee, conveying the timber in controversy, with the right to enter and cut and remove the same within fifteen years, and the defendant is the owner by purchase of the property rights and easements in said deed.
On 21 December, 1906, the plaintiffs executed a deed to the defendant, in consideration of $500, extending the time for cutting and removing the timber in the deed to Pope, trustee, three years.
This extension deed was prepared by one of the attorneys for the plaintiffs, and it has the following recital:
"Whereas, we, L. L. Dameron and wife, Sallie Dameron, have heretofore conveyed to Hugh L. Pope, trustee, certain timber trees and privileges on the lands hereinafter described, by deed recorded in Book 80, at page 447, of the register's office of Sampson County, which deed is about to expire, limitation therein named; and whereas said trustee has conveyed said timber and easements to the Rowland Lumber Company, and said company is desirous of securing an extension of time within which to exercise the privileges and rights conveyed in said deed."
The plaintiffs allege in their complaint that the execution of the deed to Pope, trustee, and of the extension deed, was procured by fraud, or *Page 225 
was the result of a mutual mistake, and that both covered more land and timber than was intended to be conveyed; but on the trial they stated in open court that they would go to the jury upon the question of mutual mistake in reference to the drawing of the extension deed referred to in the complaint, and that they would not insist that the defendant had actual notice of any fraud or mistake in connection (280) with the original deed to H.L. Pope, trustee.
The plaintiffs offered evidence tending to prove that the deed to Pope was not drawn according to the contract of sale, and that it included more land and timber than was intended to be conveyed, and one of the plaintiffs testified, among other things, as follows:
"In October, 1906, I signed an option to the defendant for an extension of three years on the Pope deed, and I was paid $1 option money at that time, the agreed price for the extension being $500. This trade was closed by Mr. Turnbull; Joe Faison was out in his buggy. Mr. Turnbull at that time may have had the original deed made to Pope; I don't recollect. He came back on 21 December, 1909, and took up the option and I and my wife executed the extension deed. I think one of my attorneys wrote the extension deed. I reckon I read a little of the extension deed. He may have handed it to me to read. On his paying me the $500 that day, I just simply extended the time for three years on the timber in the original deed. In February, 1909, Joe Faison came and asked me to show him the timber I had sold. I went and showed him, and he blazed a line across my land, cutting off what I claimed to be about 75 acres. There was no chopped or blazed line prior to that time. The timber blazed is shown on the map. Faison blazed according to my directions. This was three years after the execution of the extension deed. Faison never had either the original or extension deed at the time blazes were made under my direction. My wife and I can both read and write. I did not mean to swear in my complaint that at the time of the execution of the extension deed that the boundary of the 75 acres was well defined, and that the trees along said line were blazed. There are about 90 acres of cleared land in my tract."
At the conclusion of the evidence his Honor entered judgment of nonsuit, on motion of the defendant, and the plaintiff excepted and appealed.
After stating the case: When this case was here (281) on a former appeal (Dameron v. Lumber Co., 161 N.C. 498) the Court ordered a new trial, and said: "As this case is to be tried again, we will repeat, what has been often decided, that a deed cannot be corrected or reformed because of the mistake of one of the parties to it, *Page 226 
but only when the mistake is mutual, that is, the mistake of both parties, or else upon the mistake of one party brought about by the fraud of the other," and on the new trial the plaintiffs abandoned all allegations of fraud, and relied solely on the allegation of mutual mistake in the execution of the extension deed.
We find no evidence of a mistake on the part of the defendant, and it is doubtful if there is any evidence of mistake on the part of the plaintiffs justifying the intervention of a court of equity, as one of them, and the only one who was a witness, testified that he could read and write; that the deed was prepared by his attorney; that he read a part of it, and that "on his (defendant) paying me the $500 that day, I just simply extended thetime for three years on the timber in the original deed."
We are, therefore, of opinion that his Honor properly entered judgment of nonsuit, as there is no evidence of mutual mistake.
Affirmed.
Cited: Wilson v. Scarboro, post, 389.