Hice v. Hi-Mil, Inc.

―――――――

JOHNSIE A. HICE v. HI-MIL, INC.

No. 8025SC109

(Filed 1 July 1980)

1. **Reformation of Instruments § 1.1; Limitation of Actions § 8.1– reformation of deed – mutual mistake – accrual of action from date of discovery**

Plaintiff's action to reform a deed six years after it was executed was not barred by the statute of limitations, since actions involving mistake are not deemed to have accrued until discovery; the evidence clearly showed that plaintiff did not discover the mistake until six years later when she attempted to sell her home; and she immediately took steps to reform the deed when she learned of the purported conveyance. Furthermore, plaintiff was not estopped to assert her claim simply because, at the time of execution of the deed, she read a long legal document conveying twenty tracts of land, which described them in repetitive and sophisticated language and which included the tract involved in this lawsuit, nor was the fact that plaintiff stopped paying taxes on the tract in question conclusive evidence that plaintiff knew she had conveyed the land six years earlier.

2. **Reformation of Instruments § 7– reformation of deed – mutual mistake – sufficiency of evidence**

Evidence was sufficient to show a mutual mistake in the deed from plaintiff to defendant's predecessors in title where it tended to show that plaintiff intended to convey and grantees intended to receive title to property known as the "Mountain Tract" which consisted of contiguous tracts approximately three miles from plaintiff's homeplace; neither intended for the homeplace to be included in the deed; the attorney who prepared the deed for plaintiff testified that he included 13 acres of plaintiff's homeplace in the deed by mistake; a surveyor for defendant testified that he was unable to fit the 13 acre tract into the plat of the mountain tract prepared for defendant; and defendant's attorney testified that he was unable to fit the 13 acre tract into the boundary as a part of his title examination for defendant.

3. **Reformation of Instruments § 9– reformation of deed – defendant not an innocent bona fide purchaser**

In plaintiff's action to reform a deed conveying a 1200 acre mountain tract which mistakenly included 13 acres of her homeplace, defendant was not an innocent bona fide purchaser for value since (1) through all the mesne conveyances down to defendant, all parties intended to buy only the mountain tract and it was understood that only the mountain tract was being conveyed; there was no direct evidence of any party's intent ever to sell the 13 acre portion of the homeplace and no intention by a party to buy it; it was nevertheless erroneously included in each deed; and (2) knowledge of the mistake was imputed to defendant through plaintiff's grantee who was a shareholder/director/officer of defendant's corporation.

Judge ARNOLD dissents.

APPEAL by defendant from *Riddle, Judge.* Order entered 28 September 1979 in Superior Court, CALDWELL County. Heard in the Court of Appeals 5 June 1980.

Plaintiff seeks to reform a deed on the basis of a mutual mistake. On 27 October 1971 plaintiff took twenty deeds to her lawyer's office and instructed him to prepare a deed from her to Ray Hice and Everette Welch (spelled "Walsh" in the deed) for a tract of land known as her "Mountain Tract," containing approximately 1200 acres. Plaintiff was not aware that one of the deeds delivered to her lawyer — and necessarily one of the tracts included in the deed to Hice and Welch — included a 13-acre parcel constituting a part of her home tract, which was located two or three miles from the mountain tract. The home tract was 25 acres and consisted of a 12-acre tract upon which plaintiff's house is located, and the 13-acre tract referred to above.

Hice v. Hi-Mil, Inc.

Ray Hice subsequently purchased the half interest originally acquired by Everette Welch. Thereafter, in 1973, Ray Hice and Jack Miller organized the defendant corporation, each owning 50% of the stock, for the purpose of developing the land know as the "Mountain Tract" and became directors and officers of the corporation. Ray Hice transferred to the corporation the lands originally acquired from the plaintiff, including the 13-acre tract. Thereafter, Ray Hice sold his stock in the corporation to Jack Miller.

Plaintiff, in late 1977, discovered the 13-acre tract had been conveyed by the 1971 deed to Ray Hice and Welch. Plaintiff brings this action, alleging mutual mistake and seeking to reform her deed. The defendant denied plaintiff's allegations, alleged the plaintiff failed to state a claim upon which relief could be granted, and further pleaded the statute of limitations as a bar. Defendant then moved for summary judgment, which motion was denied. Thereafter, the trial judge sitting without a jury, heard evidence and arguments of counsel, made findings of fact and conclusions of law, and entered judgment for the plaintiff. The defendant appealed.

*West, Groome & Correll, by Ted G. West and Edward H. Blair Jr., for plaintiff appellee.*

*Billings, Burns & Wells, by Donald R. Billings and R. Michael Wells, for defendant appellant.*

HILL, Judge.

[1] We first address the question of whether plaintiff's cause of action is barred by the statute of limitations (G.S. 1-52(9)) and conclude that it is not. This statute specifically provides that actions involving fraud or mistake shall not be deemed to have accrued until discovery. The evidence clearly shows the plaintiff discovered the mistake in 1977 when she attempted to sell her home and immediately took steps to reform her deed when she learned of the purported conveyance.

We do not agree with the contention of the defendant that plaintiff, a 54-year old seamstress, is estopped to assert her claim now, simply because in 1971 she had read a long legal

document conveying twenty tracts of land, describing them in repetitive and sophisticated language, one tract of which described the parcel involved in this lawsuit. Neither do we conclude the fact that she stopped paying taxes on the 13-acre tract is conclusive evidence that plaintiff knew she had conveyed the land in 1971. There was no evidence that any of the grantees had knowingly exercised acts of ownership over the land in question. This assignment of error is without merit.

[2] Next, we consider whether there was a mutual mistake in the deed from Johnsie A. Hice to Ray Hice and Everette Welch, which included the 13-acre tract. If a solemn document like a deed is to be revised by our courts, proof of mistake must be strong, cogent and convincing. *Hege v. Sellers,* 241 N.C. 240, 84 S.E. 2d 892 (1954). Walker, J., speaking for the Court in *Clements v. Insurance Co.,* 155 N.C. 57, 61, 70 S.E. 1076 (1911), states that:

> There is always a *strong presumption* in favor of the correctness of the instrument as written and executed, for it must be assumed that the parties knew what they had agreed and have chosen fit and proper words to express that agreement in its entirety. (Emphasis added.)

In the case of *Isley v. Brown,* 253 N.C. 791, 793, 117 S.E. 2d 821 (1961), Chief Justice Winborne, quoting Hoke, J., says:

> There is no rule in our system of jurisprudence that has a greater tendency to maintain the stability of titles and the security of investments than that which upholds the integrity of a solemn written deed . . .

Defendant contends there was no mistake in the deed from plaintiff to Hice and Welch; that plaintiff selected her own lawyer to prepare the deed and furnished the old deeds for use in preparation; that the tract in question was separated from her homeplace by a stream and was mountainous — just the type of land she intended to convey to Hice, her cousin by marriage, and Welch; and that plaintiff read the deed. Defendant further alleges that Ray Hice was raised on the mountain land, knew where it was, and knew what he was receiving under the deed.

Plaintiff offered evidence which tended to show that she was a 54-year old widow, engaged in settling her husband's estate at the time of the sale; that she had gone no further in school than the seventh grade and was currently employed as a seamstress; that she had not engaged in any real estate transactions prior to this time, and never had been to a lawyer; that she intended to sell the mountain tract, which consisted of 1200 acres, and not her homeplace; that the homeplace had been fenced, and cattle and horses ran on it; and that at the time of the transaction plaintiff was not aware of the fact that her "homeplace" consisted of two tracts.

Dickson Whisnant, a witness for the plaintiff, testified that he was the attorney who prepared the deed to Hice and Welch from deeds brought to him by plaintiff; that all of the land to be sold was contiguous mountain land; that he later (in 1977) discovered the 13-acre tract was not contiguous; that he remarked to plaintiff that this property was not supposed to be in the deed; that including it was his mistake; that he had talked with Mr. Miller who agreed the tract was not supposed to be in the deed (which was denied by Mr. Miller in his testimony); and that he prepared a deed of reconveyance from Hi-Mil, Inc., to plaintiff which was never executed.

A surveyor for the defendant testified that he was unable to fit the 13-acre tract into the plat of the mountain tract prepared for Hi-Mil, Inc. Defendant's attorney further testified that he was unable to fit the 13-acre tract into the boundary as a part of his title examination for Hi-Mil, Inc.

Ray Hice, a cousin of plaintiff's deceased husband, testified that he had lived in the area all his life; that he negotiated for the purchase of the mountain tract; that this tract is approximately three miles from where plaintiff lives and is not contiguous to her homeplace; that the land he purchased consisted of contiguous tracts, totaling 900 acres; that there had not been a survey of the property at the time he purchased it; that none of the 25 acres (homeplace) was to be included; and that he never exercised any dominion over the 25-acre tract where plaintiff's homeplace is.

We conclude there is ample testimony offered by the plaintiff to rebut the presumption relied on by the defendant that the deed is correct as written and executed.

[3] Next, we consider whether Hi-Mil, Inc., is an innocent bona fide purchaser for value. Defendant contends that it is, relying on the presumptions set out above and arguing that the knowledge of any mistake in the deed could not be imputed to the defendant corporation.

It is elementary that as a general rule reformation will not be granted if it appears that the rights of a bona fide purchaser will be prejudiced. *Lowery v. Wilson,* 214 N.C. 800, 200 S.E. 861 (1939); *Dameron v. Lumber Co.,* 161 N.C. 495, 77 S.E. 694 (1913). Plaintiff contends, however, that she presented sufficient evidence of a mistake in the deed from plaintiff to Hice and Welch in 1971, and that such knowledge of the mistake was imputed to the defendant through its shareholder/director/officer, Ray Hice.

Defendant replies, contending that knowledge by Ray Hice of the mistake cannot be imputed for two reasons:

(1) Ray Hice had no knowledge of any mistake at any time until *after* the title was taken by the defendant. Defendant points out that a survey of the mountain tract was not made until *after* the property was purchased by it; that title examination was done simultaneously with the survey; and plaintiff discovered in 1977 the error when she tried to sell her homeplace.

Defendant fails to recognize that the real mistake is plaintiff's conveyance of lands she never intended to sell — not the drafting error by the lawyer. The drafting was merely a ministerial act. A careful reading of all the evidence indicates that Johnsie Hice intended to sell and Ray Hice and Everette Welch intended to purchase the 1200-acre mountain tract. This they did, but more was mistakenly conveyed, and this was error which equity ought to correct. Through all of the mesne conveyances down to the defendant all parties intended to buy only the mountain tract, and it was understood that only the moun-

tain tract was being conveyed. There is no direct evidence of any party's intent ever to sell the 13-acre portion of the homeplace and no intention by any party to buy. In each deed, however, it was erroneously included. Each grantor to a mesne conveyance mistakenly sold more, and each grantee received more than was intended.

    (2) Although Ray Hice was a stockholder/director/officer of Hi-Mil, Inc., the corporation was not chargeable with notice of facts known to a director in a transaction between himself and the corporation in which he was acting for himself and not for the corporation. *Gardiner v. Equitable Office Building Corp.*, 273 F. 441 (2nd Cir. 1921).

We do not find the conveyance by Ray Hice to Hi-Mil, Inc., to be strictly at arm's length. Rather, we conclude that Hice's interest and that of the corporation were clearly aligned. Both parties desired to develop the property for their mutual benefit, whether as stockholder or an individual owner. Ray Hice at that time is presumed to have known what he owned and was selling and what the corporation in which he owned 50% of the stock was buying. The knowledge of Ray Hice became the knowledge of the corporation. *Wilson v. Development Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970); *Whitten v. AMC/Jeep, Inc.*, 292 N.C. 84, 231 S.E. 2d 891 (1977).

The further argument of the appellant that Ray Hice was acting primarily for himself since he would be able to sell his interest in the property and absolve himself from liability for the balance under a mortgage assumed by the defendant and due plaintiff does not impress us. He would still remain secondarily liable.

The defendant has title to a tract of land which it never intended to buy. The plaintiff never intended to sell the 13-acre tract of land. Equity has a duty to correct such mistake as is involved in this case.

We conclude there were issues of fact for the reasons set out

above and that Hi-Mil, Inc.'s motion for summary judgment should have been overruled. The trial judge was correct in proceeding to trial. Motions to dismiss made by the defendant at the end of plaintiff's evidence and at the end of all the evidence should have been overruled.

The Order and Judgment of the trial judge are

Affirmed.

Judge MARTIN (Robert M.) concurs.

Judge ARNOLD dissents.