JOHNSIE A. HICE v. HI-MIL, INC.

No. 89

(Filed 6 January 1981)

1. Reformation of Instruments § 5— burden of proof for reformation

In an action for reformation of a written instrument, the plaintiff has the burden of showing that the terms of the instrument do not represent the original understanding of the parties and must do so by clear, cogent and convincing evidence.

2. Reformation of Instruments § 5— presumption of correctness

There is a strong presumption in favor of correctness of the instrument as written and executed, for it must be assumed that the parties knew what they agreed and have chosen fit and proper words to express that agreement in its

agreed and have chosen fit and proper words to express that agreement in its entirety.

### 3. Reformation of Instruments § 7— reformation of deed —mutual mistake — sufficiency of evidence

Plaintiff's evidence was sufficient to show a mutual mistake as to what land was being conveyed by a 1971 deed from plaintiff to defendant's predecessors in title by clear, cogent and convincing evidence so as to justify a reformation of the deed where it tended to show that the deed conveyed numerous tracts of mountain land which were contiguous and located at some distance from plaintiff's home-place; included in the tracts conveyed by the deed was a 13 acre tract which was a part of plaintiff's 25 acre homeplace; the attorney who prepared the deed for plaintiff obtained the descriptions of the land to be conveyed from deeds brought to him by plaintiff and did not discover until 1977 that the 13 acre tract was not contiguous to the other tracts conveyed; plaintiff did not realize at the time of the 1971 transaction that her homeplace consisted of two separate tracts of land; and plaintiff intended to convey and the purchasers intended to receive by the deed only the mountain land and not any portion of plaintiff's homeplace.

### 4. Reformation of Instruments § 1— effect on rights of bona fide purchaser

As a general rule, reformation will not be granted if the rights of an innocent bona fide purchaser would be prejudiced thereby.

### 5. Corporations § 7— knowledge of officer or director — imputation to corporation

Although a corporation is generally not chargeable with knowledge of its officer or director concerning a transaction in which the officer or director is acting in his own behalf, the corporation is properly charged with the knowledge of an individual officer or director when the interests of such individual are clearly aligned with those of the corporation.

### 6. Corporations § 7; Reformation of Instruments § 9— mistake in deed — imputation of knowledge to corporation — corporation not innocent bona fide purchaser

In an action to reform a deed on the ground that a portion of plaintiff's homeplace was mistakenly included in the description of the tracts conveyed, knowledge of one original grantee as to what land was intended to be conveyed at the time the property was conveyed by such grantee to the corporate defendant was imputed to the corporation, and the corporation was thus not an innocent bona fide purchaser for value against whom reformation of the deed may not be granted, where such grantee was an officer, director and 50% shareholder of defendant corporation at the time he conveyed the property to the corporation; the grantee remained personally, although secondarily, liable on a note given to plaintiff as part of the purchase price after the note was assumed by defendant corporation; successful development of the property would be to the mutual benefit of the grantee and defendant corporation; and the interests of the grantee were thus clearly aligned with those of the corporation.

Hice v. Hi-Mil, Inc.

**7. Reformation of instruments 1.1; Limitation of Actions § 8.1—reformation of deed — mutual mistake — date of discovery —action not barred by statute of limitations**

The evidence did not show that plaintiff discovered or should have discovered that a 1971 deed mistakenly included 13 acres of her homeplace at the time she executed the deed, and plaintiff's action instituted in 1978 to reform the deed was not barred by the three year statute of limitations of G.S. 1-52(9), where the evidence showed that, although the deed stated the property had been purchased from named persons and plaintiff knew that part of the homeplace had been purchased from such persons, and although plaintiff stopped paying taxes on the 13 acre tract in 1973, plaintiff did not know that the description in the deed included a part of her homeplace; plaintiff knew she had paid taxes on only 12 acres of land after 1973 but thought that the 12 acres included all of her homeplace, which actually contained 25 acres; and plaintiff did not learn of the mistake until 1977 when a title search was made in preparation for sale of her 25 acre homeplace.

Justice BROCK took no part in the consideration or decision of this case.

ON appeal as a matter of right pursuant to G.S. § 7A-30(2) (1969) from the decision of the Court of Appeals, 47 N.C. App. 427, 267 S.E. 2d 507 (1980), affirming judgment entered for plaintiff by *Riddle, Judge*, at the 28 September 1979 Civil Session of Superior Court, CALDWELL County.

This appeal involves the propriety of the trial court's ruling to reform a deed on the ground of mutual mistake of fact. We also consider whether the last purchaser was an innocent bona fide purchaser for value and whether the action for reformation was barred by the statute of limitations. We agree with the Court of Appeals that reformation was proper and affirm.

*West, Groome and Correll, by Ted G. West and Edward H. Blair, Jr., for plaintiff-appellee.*

*Billings, Burns and Wells, by Donald R. Billings and R. Michael Wells, for defendant-appellant.*

CARLTON, Justice.

I.

Plaintiff instituted this action seeking to reform a deed on the ground of mutual mistake. In a deed dated 27 October 1971 plaintiff conveyed to Everett Welch (spelled "Walsh" in the deed) and Ray Hice, first cousin to plaintiff's deceased husband, twenty tracts of

land known as the "mountain land," containing approximately 900 to 1200 acres. Included in the tracts conveyed by the deed was a thirteen acre tract which was part of plaintiff's twenty-five acre homeplace. Plaintiff alleged that the description of the thirteen acre tract was mistakenly included in the deed to Welch and Ray Hice and that she did not intend to convey nor did the purchasers intend to purchase that tract. The purchase price was $100,000 plus a reconveyance of eight acres to plaintiff and her children. A down payment of $20,000 to $25,000 was made and a note was given to secure the balance.

Welch conveyed his half interest in the "mountain land" to Ray Hice by deed dated 27 July 1973. Later in 1973 Ray Hice and Jack Miller organized the defendant, Hi-Mil, Inc., for the purpose of developing the mountain land. Each owned 50 percent of the stock and each became an officer and director of the corporation. On 14 September 1973 Ray Hice transferred to the corporation all the land acquired from plaintiff, including the thirteen acre tract which is the subject of this suit. The corporation assumed the balance of the debt owed to plaintiff. Thereafter, Ray Hice sold most of his stock interest in the corporation to Jack Miller for $17,000. By the time of the trial, defendant had paid in full the balance of the note on the land.

In late 1977 plaintiff discovered that the thirteen acre tract constituting a part of her homeplace had been conveyed by the 1971 deed to Ray Hice and Welch. In 1978 she brought this action to reform the deed on the ground of mutual mistake. Defendant answered, denying plaintiff's allegations, alleging that plaintiff had failed to state a claim upon which relief could be granted, and pleading the statute of limitations as a bar to the action. Defendant then moved for summary judgment, which was denied. The case was heard before Judge Riddle sitting without a jury.

In addition to the above facts, the evidence tended to show that plaintiff negotiated with Ray Hice and Welch for the sale of the "mountain land," which consisted of numerous tracts of land purchased over the years by her husband. All parties to the original sale intended the subject property to be contiguous tracts of land located in the "Brushy Mountains" approximately three miles from plaintiff's homeplace. The deed to Ray Hice and Welch was prepared by plaintiff's attorney who took the descriptions of the property to be conveyed from deeds brought to him by plaintiff. The

thirteen acre tract was included as the fifth tract. Plaintiff read the deed before she signed it but did not realize from the description of the fifth tract that it was part of her homeplace. Ray Hice testified that he understood the sale to be of the "mountain land," that the fifth tract was not part of the "mountain land," that all of the consideration paid was for the mountain land only, and that no consideration was given for the fifth tract, which was not part of the "mountain land."

Defendant's motions for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence were denied. At the close of the evidence and arguments of counsel, Judge Riddle made findings of fact and conclusions of law and entered judgment for plaintiff. The Court of Appeals (Hill, J., with Martin (Robert M.), J., concurring) affirmed. Judge Arnold dissented without opinion.

II.

Defendant first contends that the trial court's finding that a "mutuality of mistake existed" is not adequately supported by the evidence.

[1,2]   In an action for reformation of a written instrument, the plaintif has the burden of showing that the terms of the instrument do not represent the original understanding of the parties and must do so by clear, cogent and convincing evidence. *Isley v. Brown,* 253 N.C. 791, 117 S.E. 2d 821 (1961); *Insurance Co. v. Lambeth,* 250 N.C. 1, 108 S.E. 2d 36 (1959); *Perkins v. Perkins,* 249 N.C. 152, 105 S.E. 2d 663 (1958); *Hege v. Sellers,* 241 N.C. 240, 247, 84 S.E. 2d 892, 897 (1954); *Coppersmith v. Insurance Co.,* 222 N.C. 14, 21 S.E. 2d 838 (1942). Additionally, there is "a *strong presumption* in favor of the correctness of the instrument as written and executed, for it must be assumed that the parties knew what they agreed and have chosen fit and proper words to express that agreement in its entirety." *Clements v. Insurance Co.,* 155 N.C. 57, 61, 70 S.E. 1076, 1077 (1911) (emphasis added). This presumption is strictly applied when the terms of a deed are involved in order "to maintain the stability of titles and the security of investments." *Williamson v. Rabon,* 177 N.C. 302, 306, 98 S.E. 830, 832 (1919); *accord, Isley v. Brown,* 253 N.C. at 793, 117 S.E. 2d at 823. With these principles in mind, we must examine the record to determine whether plaintiff proved that there was a mutual mistake of fact as to what land was conveyed in the October 1971 sale by "clear, cogent and convincing evidence."

**[3]**  Plaintiff's evidence showed that she was a fifty-four-year-old widow, engaged in settling her husband's estate at the time of the sale; that she had only a seventh grade education and worked as a seamstress; that prior to the October 1971 sale she had never engaged in any real estate transactions nor had she employed an attorney; that she intended to sell only the mountain tract and not any part of her homeplace; that her entire homeplace had been fenced in to pasture horses and cattle; that the tracts intended to be conveyed were contiguous and were located at some distance from her homeplace; and that at the time of the October 1971 transaction plaintiff did not realize that her homeplace consisted of two separate tracts of land.

The attorney who prepared the deed for plaintiff, Dickson Whisnant, testified that all the land to be sold was contiguous mountain land, that he prepared the descriptions of the land to be conveyed from deeds brought to him by plaintiff, and that he did not discover until 1977 that the thirteen acre trace conveyed as the fifth tract was not contiguous to the other tracts conveyed. The attorney also testified that he told plaintiff that including this tract in the deed had been his mistake. Mr. Whisnant notified Mr. Miller, the sole owner of defendant-appellant, of the mistake. According to Mr. Whisnant, Miller agreed that the tract was not supposed to have been in the October 1971 deed. Mr. Whisnant prepared a deed of reconveyance from Hi-Mil, Inc., to plaintiff, but it was never executed. Miller denied that he agreed that the thirteen acre tract had been mistakenly included in the deed to Welch and Ray Hice.

Ray Hice testified that the sale consisted only of the mountain land, consisting of numerous contiguous tracts, and did not include any part of plaintiff's homeplace. Hice, who had lived in the area all his life and was familiar with the land, testified that the land he and Welch intended to purchase was mountain land located approximately three miles from plaintiff's homeplace and consisted of numerous contiguous tracts totaling about 900 acres. There was no survey conducted at the time of the sale to Hice and Welch.

These facts are clearly sufficient to rebut the presumption that the deed is correct as written and executed and constitute clear, cogent and convincing evidence of mutual mistake as to what land was being conveyed.

Defendant argues in its brief that both parties to the original transaction who testified at trial are interested in the outcome and

their testimony is inherently unreliable. While the interest of a witness may properly be considered in determining his credibility, that determination is for the trier of fact and cannot be disturbed on appeal absent conclusive evidence to the contrary. 1 Stansbury, North Carolina Evidence § 8 (Brandis Rev. 1973); 13 Strong, N.C. Index 3d, Witnesses § 3 (1978). Defendant also argues that the absence of testimony from Welch, a grantee in the October 1971 deed, prevents plaintiff's evidence of mutual mistake from being clear, cogent and convincing. This argument is without merit. Its clear implication is that Welch, had he testified, would have told a different story from that told by appellant and Ray Hice. From the record before us, we are unable to determine whether Welch was available to testify. Assuming, *arguendo*, that Welch was available to plaintiff, he was equally available to defendant, and defendant's failure to secure his testimony is its own fault. An appellate court cannot speculate on what a potential witness's testimony would have been had he been called to the stand.

The uncontroverted facts show that plaintiff intended to convey and the purchasers intended to receive by the 27 October 1971 deed only mountain land, which was located some distance from plaintiff's homeplace. Plaintiff has shown a mutual mistake as to what land was being conveyed. The trial court's conclusions of law and findings of fact are amply supported by the evidence.

### III.

Defendant next challenges the finding and conclusion of the trial court that it is not a bona fide purchaser for value.

[4]    As a general rule, reformation will not be granted if the rights of an innocent bona fide purchaser would be prejudiced thereby. *Lowery v. Wilson*, 214 N.C. 800, 200 S.E. 861 (1939); *Dameron v. Lumber Co.*, 161 N.C. 495, 77 S.E. 694 (1913). Because defendant is not a party to the original deed, plaintiff is required to prove that knowledge of the mistake can be imputed to defendant in order to succeed on her reformation claim. The trial court found that defendant is not a bona fide purchaser for value without notice of the irregularities because the knowledge of Ray Hice, an officer, director and 50 percent shareholder, constituted notice to defendant.

Defendant contends that, at the time it purchased the property from Ray Hice, Hice had no knowledge of the mistake which could be imputed to the corporation. Defendant erroneously assumes that

the mistake in the case *sub judice* is a drafting error, of which Ray Hice had no knowledge until long after the sale to defendant. The mistake, however, was in what land was being conveyed: the deed to Welch and Hice conveyed more than plaintiff intended to sell and the grantees intended to buy. Likewise, the deed from Ray Hice to Hi-Mil, Inc., was meant to convey only the mountain land and not the thirteen acre tract that is part of plaintiff's homeplace. The relevant knowledge of Hice is his knowledge as to what land was being conveyed at the time of the conveyance to defendant.

[5,6]   We must now consider whether defendant is properly charged with this knowledge. Ray Hice was an officer, director, and 50 percent shareholder of defendant at the time of the sale. Additionally, Hice's interest in the sale of the property was not in conflict with defendant's interest; rather, as the Court of Appeals notes, their interests were "clearly aligned." This is so because Hice remained personally, although secondarily, liable on the note, because Hice was a 50 percent owner of defendant, and because successful development of the property would be to their mutual benefit. Although appellant correctly notes that a corporation is generally not chargeable with the knowledge of its officer or director concerning a transaction in which the officer or director is acting in his own behalf, *e.g., Lumber Corp. v. Equipment Co.*, 257 N.C. 435, 439, 126 S.E. 2d 97, 100 (1962), the facts of this case demonstrate that this general rule is inapplicable. Because of Hice's position vis-a-vis the defendant and his continued liability on the note, Hice could not have been acting for his sole benefit. Any action that would benefit him would also benefit the corporation. We hold that when the interests of the individual officer or director are so clearly aligned with those of the corporation, the corporation is properly charged with the knowledge of the individual.

The trial court correctly imputed the knowledge of Ray Hice concerning what land was being conveyed to the corporation. Because the corporation is charged with notice of the mistake, it is not an innocent bona fide purchaser for value against whom reformation may not be granted.

IV.

Both the trial court and the Court of Appeals held that plaintiff's claim is not barred by the three-year statute of limitations, G.S. § 1-52(9) (Cum. Supp. 1979), for actions based on fraud or

mistake. Defendant challenges the sufficiency of the evidence to support the findings of fact which led to this conclusion of law.

[7]    Specifically, defendant contends that plaintiff did discover, or should have discovered, the mistake at the time she conveyed the property to Hice and Welch or shortly thereafter. The description of the fifth tract in the deed stated that the property had been purchased from the Kellers; plaintiff testified that she knew part of the homeplace had been purchased from the Kellers. Also, plaintiff stopped paying taxes on the thirteen acre tract in 1973. Defendant argues that plaintiff had to have known that she stopped paying the taxes and must have known why she was no longer obligated to pay them. Defendant's arguments assume that plaintiff knew that the land described as the fifth tract in the deed was part of her homeplace. There was no evidence that plaintiff knew that the description in the deed was that of a part of her homeplace. To the contrary, plaintiff testified that although she read the deed she did not know that it conveyed away part of her homeplace. Plaintiff testified that she knew that she paid taxes on only twelve acres of land after 1973 but thought that the twelve acres included all of her homeplace, which actually contains twenty-five acres. All the evidence shows that plaintiff did not learn of the mistake until late 1977 when a title search was made in preparation for the sale of her twenty-five acre homeplace.

Defendant also challenges the trial court's findings that the other tracts of mountain land were generally contiguous and that defendant had not exercised any control or dominion over the thirteen acre tract prior to the discovery of the mistake. These findings were made in support of the conclusion that the action was not barred by the statute of limitations. While there may be some evidence in the record that would allow contrary findings, there is also evidence to support the trial court's findings. The findings of a trial court cannot be disturbed on appeal when, as here, they are supported by adequate and competent evidence. *E.g., Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 206 S.E. 2d 155 (1974); *Cogdill v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971). This assignment of error is without merit.

V.

In conclusion, we hold that plaintiff has proven a mutual mistake by clear, cogent and convincing evidence, that defendant is

not an innocent bona fide purchaser, and that plaintiff's claim is not barred by the statute of limitations. The opinion of the Court of Appeals is, therefore,  ,

Affirmed.

Justice BROCK took no part in the consideration or decision of this case.