RICHARD H. AVERY AND WIFE, ANNA H. AVERY; AND CLAUDE H. CRISP AND WIFE, MARTHA L. CRISP v. W. G. HADDOCK AND WIFE, MATTIE D. HAD-DOCK

No. 832DC214

(Filed 15 May 1984)

**1. Reformation of Instruments § 5— mutual mistake—burden of proof**

Because of the strong presumption in favor of the correctness of an instrument as written and executed, a party seeking to reform a written instrument on grounds of mutual mistake must establish the alleged mistake by strong and persuasive evidence.

**2. Estates § 4— life estate—termination of remainder interest**

The owner in fee of a parcel of land that is subject to a life estate, nothing else appearing, is vested with the remainder interest in the life estate, and upon the death of the life tenant, the life estate terminates by operation of law and the interest of the remainderman becomes possessory.

**3. Reformation of Instruments § 7— mutual mistake—sufficiency of evidence**

The evidence was clear, cogent and convincing that the parties intended that a deed from defendants to plaintiffs should convey all interests in a 62.24-acre tract of land, subject to a third party's life estate in a one-half acre portion thereof, and to the extent that the deed does not reflect this clear intent, there was a mutual mistake of the parties which plaintiffs are entitled to have corrected by the court.

APPEAL by defendant from *Ward, Judge.* Judgment entered 10 November 1982 in District Court, BEAUFORT County. Heard in the Court of Appeals 7 February 1984.

This is a civil action wherein plaintiffs seek reformation of a deed conveying certain property from defendants to plaintiffs Avery on the ground of mutual mistake.

On or about 20 January 1978, defendants and plaintiffs Avery entered into a contract wherein plaintiffs obtained an option to purchase from defendants certain land, consisting of 62.24 acres. The pertinent terms of that option contract are set out below:

> That, for and in consideration of the sum of Two Thousand ($2,000.00) Dollars to them in hand paid, the receipt of which is hereby acknowledged, said parties of the first part do hereby give and grant unto said party of the second part the right and option to purchase from said parties of the first part a certain tract or parcel of land in Chocowinity Township, Beaufort County, North Carolina, described as follows:

> That land described in that deed dated December 2, 1975 from Billy James Haddock and wife, LaRue Haddock, to W. G. Haddock and, Mattie D. Haddock, which deed is of record in Book 729, page 628, and hereby referred to.

> 1. This option shall exist and continue to and including April 30, 1978, but no longer.

> 2. If the party of the second part elects to purchase said land under this option the purchase price therefor shall be Fifty-six Thousand ($56,000.00) Dollars in cash. Provided, however, that the Two Thousand ($2,000.00) Dollars paid for this option shall apply on the purchase price leaving a balance of Fifty-four Thousand ($54,000.00) Dollars.

The deed conveyed to defendants a tract of land totalling 62.24 acres. Following the metes and description of the land in that deed, the following language appears:

> There is excepted from the hereinabove description the following parcel of land:

> [There follows in the deed a metes and bounds description of a parcel of land, of 0.5 acres size, that occupies one corner of the 62.24 acre tract.]

> Reference is made to a map entitled "Property of Lawrence M. Mayo and wife, Velma P. Mayo, life estate."

The map referred to shows the boundary lines of the Mayo life estate, some of which are shared with the larger tract as appears on the maps submitted as exhibits by the parties. Following this language on the same deed referred to in the option contract, there is the following paragraph:

It is the intention of this deed to convey to the parties of the second part the fee simple title to the large tract as herein described and also to convey to the parties of the second part the vested remainder of R. Guy Mayo, Jr. and wife, Jeannette Barrow Mayo, which they hold in the exception that is hereinbefore set out, subject to the life estate of Velma P. Mayo and husband, Lawrence Murray Mayo, so that the result of this deed is that fee simple title to the hereinabove described property is vested in the parties of the second part, together with a vested remainder in the parcel of land described in the exception which is subject only to the life estates of Velma P. Mayo and husband, Lawrence Murray Mayo.

On 20 April 1978, defendants executed a deed wherein they purported to convey to plaintiffs Avery the same 62.24 acres owned by them and described in their deed, the one referred to in the contract. This deed from defendants to plaintiffs Avery was similar in all essential respects to the earlier deed except that it did not contain the paragraph, quoted above, that expressed the intention to convey to the grantees the remainder interest in the Mayo life estate.

Subsequently, the Averys, by various intervening conveyances, transferred the land to plaintiffs Crisp, who took possession of it by deed executed 16 March 1982. Thereafter, Richard Avery had a conversation with W. G. Haddock in which he learned that Haddock claimed the remainder interest in the Mayo life estate. Upon investigation, Mr. Avery discovered the discrepancy between the deed in to defendants as grantees and the deed out from defendants as grantors. The same discrepancy is reflected in the subsequent deeds from plaintiffs Avery, grantors, to plaintiffs Crisp, grantees.

On 8 April 1982, plaintiffs gave notice of *lis pendens* and filed a complaint seeking to reform the 20 April 1978 deed from defendants to plaintiffs Avery to include the paragraph stating the

intention to convey to the grantees the remainder in the Mayo life estate. Plaintiffs alleged that the omission of that paragraph was inadvertent and the result of mutual mistake. Defendants answered contending that the deed actually executed by them, conveying the property to the Averys, contains the description of the property referred to in the option contract. Defendants denied that the alleged omission was inadvertent.

The action came on for a non-jury trial in District Court in October 1982. Evidence and testimony were presented by both parties. On 10 November 1982, the court entered judgment for plaintiffs, concluding that the following pertinent findings were based on "clear, cogent and convincing" evidence:

> 4. That it was understood by the parties to that Deed that defendants conveyed along with the lands described in the above paragraph their vested remainder in and to that portion of the land described in Paragraph No. 3 which was subject to the life estate of Velma P. Mayo and husband, Lawrence Murray Mayo.

> 5. By mutual mistake of the defendants, W. G. Haddock and Mattie D. Haddock and of the plaintiffs, Richard H. Avery and Anna H. Avery, the conveyance of the aforesaid vested remainder interest was omitted from said Deed.

The court concluded that the intention of the parties was that the remainder in the Mayo life estate be conveyed by the same deed in which the 62.24 acre tract was conveyed. The court further concluded that the omission alleged by plaintiffs was inadvertent and the result of the parties' mutual mistake of fact. From this judgment, defendant appealed.

*Carter, Archie and Hassell, by Sid Hassell, Jr., for plaintiff-appellees.*

*Wilkinson and Vosburgh, by James R. Vosburgh, for defendant-appellants.*

EAGLES, Judge.

In their first argument, defendants contend that the plaintiffs failed to carry their burden of proving, by clear, cogent and convincing evidence, that the deed executed on 20 April 1978 did not

represent the intention of the parties to the conveyance. We disagree.

[1]   Both parties refer us to the recent case of *Hice v. Hi-Mil*, 301 N.C. 647, 273 S.E. 2d 268 (1981), which was also an action to reform a deed on grounds of mutual mistake. In that case, our Supreme Court noted that there is a " 'strong presumption in favor of the correctness of the instrument as written and executed,' " *Id.* at 650, 273 S.E. 2d at 270, *quoting Clements v. Insurance Co.*, 155 N.C. 57, 61, 70 S.E. 1076, 1077 (1911), because it must be assumed that the parties to the instrument knew what they were doing. The Court further noted that this presumption was strictly applied where deeds were involved. Because of this presumption, a party seeking to reform a written instrument on the grounds of mutual mistake must establish the alleged mistake by strong and persuasive evidence.

With these principles in mind, we turn to the record before us and find that plaintiffs clearly carried their burden of establishing the mutual mistake alleged. The 20 January 1978 option contract, signed by defendants and notarized, recites in its terms that the property with respect to which the option was purchased was the same property described in the deed to defendants from their grantors. That deed conveys to defendants all 62.24 acres, including the remainder in the Mayo life estate. No deed or other instrument was referred to in the contract.

The deed that was prepared allegedly in accordance with the option contract describes the same 62.24 acre tract and purports to convey all of defendants' interest in that land to the Averys. The deed notes the existence of the Mayo life estate and recites a metes and bounds description of it but is silent regarding the intent of the parties with respect to it. This is the deed that was executed by the parties.

Neither defendant W. G. Haddock nor plaintiff Richard Avery, who principally conducted the transaction, possesses much formal education and neither reads well. There is conflicting evidence as to whether the deed was read to the parties at the closing. The option contract set the full price of the land described therein at $56,000: $2,000 for the option to purchase and the $54,000 balance to be paid upon the exercise of the option. The option was effective until 30 April 1978. Mr. Haddock never-

theless testified that he did not think that the Averys were exercising their option when they paid him $54,000 at the closing.

[2]  It is well established that the owner in fee of a parcel of land that is subject to a life estate, nothing else appearing, is vested with the remainder interest in the life estate. Upon the death of the life tenant, the life estate terminates by operation of law and the interest of the remainderman becomes possessory. *See* G.S. 29-2; *e.g.*, *Brown v. Brown*, 168 N.C. 4, 84 S.E. 25 (1915). *See generally*, 28 Am. Jur. 2d *Estates* § 57 (1966); 31 C.J.S. *Estates* §§ 30-33 (1964); 5 N.C. Index 3d *Estates* §§ 3-4 (1977); 4A Thompson on Real Property, §§ 1984-87 (Replacement 1981); Webster's Real Estate Law in North Carolina, §§ 46-47 (Hetrick Rev. 1981).

With this in mind, we note that the deed in question is sufficient to convey the entire interest in the 62.24 acres, including the remainder in the life estate, to the grantees. The paragraph indicating that the intent of the deed was to transfer also the grantor's remainder interest in the life estate is not necessary to achieve that result.

[3]  We hold that the uncontradicted documentary evidence—the option contract and the executed deed—is clear, cogent and convincing evidence that the parties intended to convey all interests in the entire 62.24 acres, subject to the Mayo's life estate in the one-half acre. To the extent that the deed does not reflect this clear intent, there was a mutual mistake by the parties that the plaintiffs are entitled to have corrected by the court. *Hice v. Hi-Mil, supra.*

Defendants next argue that the evidence does not support the findings and that the findings do not support the conclusions of law. In view of the foregoing discussion, we find this argument to be without merit.

The judgment of the District Court is

Affirmed.

Judges HEDRICK and HILL concur.