IN RE McMAHON

[98 N.C. App. 92 (1990)]

———————

IN THE MATTER OF: MEGAN MICHELLE McMAHON, A MINOR CHILD

No. 8918DC804

(Filed 3 April 1990)

**Parent and Child § 1.6 (NCI3d) — termination of parental rights — grounds — best interests of child — sufficiency of evidence**

Clear, cogent, and convincing evidence existed to support the trial court's conclusion that substantial grounds existed for the termination of parental rights and that termination of parental rights was in the best interests of the child where the evidence tended to show that respondent never made any child support payments, though he was employed and supported his new family; there were no visits between the child and respondent during the year preceding the filing of the petition and no gifts or other acknowledgements from respondent from the time the parents separated; respondent never pursued any of his statutory options to enforce his visitation rights through the court system; and the child's guardian ad

IN RE McMAHON

[98 N.C. App. 92 (1990)]

litem testified that termination was in the best interests of the child. N.C.G.S. § 7A-289.32(5), (8).

**Am Jur 2d, Parent and Child §§ 34, 35.**

Judge COZORT dissenting.

APPEAL by respondent from a judgment entered, *nunc pro tunc*, 5 April 1989 by *Judge Sherry Alloway* in GUILFORD County District Court. Heard in the Court of Appeals 8 February 1990.

Petitioner and respondent are the parents of Megan Michelle McMahon. The child was born on 28 April 1982. The parents were divorced in 1985. Both parents have remarried.

On 2 February 1988, the child's mother, Suzanne Beasley, served the respondent with a petition to terminate his parental rights, alleging that the respondent father, Robert Lewis McMahon, had willfully failed and refused to pay for the care, support and education of their child for more than one year next preceding the filing of the petition. Petitioner further alleged that respondent willfully abandoned the minor child for at least six months next preceding the filing of the petition. On 18 February 1988, respondent filed a handwritten response opposing the proceeding and requesting appointed counsel. Counsel for the respondent was appointed and the case was heard on 20 December 1988 and reconvened and concluded on 4 January 1989 before Judge Alloway. The District Court's order, filed 6 April 1989, terminated respondent's parental rights in the minor child. It is from this judgment that respondent appeals.

*Walker, Warren, Blackmon, Younce, Dowda, White, Cooke & Tisdale, by D. Lamar Dowda, for appellee Suzanne Beasley.*

*Booth, Harrington, Johns & Campbell, by David B. Puryear, Jr. and Margaret Robison Kantlehner, for respondent-appellant, Robert Lewis McMahon, Jr.*

*Rivenbark, Kirkman, Alspaugh & Moore, by Douglas E. Moore, for guardian ad litem-appellee.*

LEWIS, Judge.

Petitioner alleged and proved in the trial court that respondent's parental rights should be terminated on the grounds of willful abandonment and nonpayment of support. Respondent appeals argu-

ing that the findings and conclusions are not supported by the evidence.

G.S. 7A-289.30(e) sets forth the appropriate standard of proof in termination of parental rights proceedings: "All findings of fact shall be based on clear, cogent, and convincing evidence. . . ." This intermediate standard is greater than the preponderance of the evidence standard required in most civil cases, but not as stringent as the requirement of proof beyond a reasonable doubt required in criminal cases. *In re Montgomery*, 311 N.C. 101, 109-110, 316 S.E.2d 246, 252 (1984) (*citing, Santosky v. Kramer*, 455 U.S. 745, 71 L.Ed. 2d 599 (1982)). Since this case involves a higher evidentiary standard, we must review the evidence in order to determine whether the findings are supported by clear, cogent and convincing evidence and that the findings support the conclusions of law. *Id.* at 111, 316 S.E.2d 253.

Under the requirements of Chapter 7A, the trial court must make a two-step inquiry. First, it must consider whether substantial grounds exist for the termination of parental rights. Upon that finding, the court must as a second inquiry determine whether the termination of parental rights is in the best interest of the child. G.S. 7A-289.31(a) and (b). We first address whether the trial court's findings support a conclusion that substantial grounds exist for the termination of respondent's parental rights.

## I.   Substantial Grounds

G.S. 7A-289.32 lists the grounds upon which parental rights may be terminated; of these, numbers (5) and (8) are pertinent:

*Grounds for terminating parental rights.* The court may terminate the parental rights upon a finding of one or more of the following:

(5) One parent has been awarded custody of the child by judicial decree, or has custody by agreement of the parents, and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition willfully failed without justification to pay for the care, support, and education of the child, as required by said decree or custody agreement. . . .

(8) The parent has willfully abandoned the child for at least six consecutive months immediately preceding the filing of the petition. . . .

G.S. 7A-289.32.

The respondent first argues that the trial court erred in its finding of fact number five which states:

(5) That on October 17, 1988 *nunc pro tunc* to April 5, 1988, the Honorable Robert E. Bencini, Jr. entered an order at the request of the guardian Ad Litem and the consent of the petitioner setting forth a meeting between the petitioner, respondent and minor child and a six month visitation schedule between the minor child and respondent. Said order also provided for the respondent to pay child support at the rate of $40.00 per week for the use and benefit of the minor child. Although the respondent visited with the minor child under the supervision of the guardian Ad Litem, the respondent paid no child support as ordered during this time. There was some confusion in the order in that the order referred to Ms. McMahon as "Ms. Lewis" but there was no follow through on anyone's part as to the wage withholding being sent to the hospital and the respondent made no attempts to make child support payments as directed and made no attempt to correct the error.

After carefully reviewing the trial transcript, we find that this finding is supported by the evidence. Respondent himself never made any child support payments. Although the respondent's second wife testified that she made some phone calls about the withholding of support payments out of her paycheck, there is no evidence documenting these calls, and respondent never attempted to make payments directly to the guardian ad litem, or the Clerk of Court or inquired as to what to do.

The respondent further asserts that the trial court erred in its finding of fact number seven which states that

substantial grounds exists for the termination of parental rights in this case . . . in that the respondent has willfully failed and refused to pay for the care, support and education of the minor child for more than one year next preceding the filing of the petition in this case.

We find ample evidence to support the court's findings. Evidence at trial showed that the respondent was employed during the one year preceding the filing of the petition as a construction worker at the Adams' Farm complex and then for J.H. Allen Construction on a project. Furthermore, the respondent testified that during this period he was contributing to the support of his stepchild and his new wife. The respondent made no showing that he made any support payments for his own child during this time period. His only offering on this point was that he was suffering from Post Traumatic Stress Disorder (PTSD) which kept him from maintaining steady employment. However, respondent did admit that even while he was suffering from this disorder, he did maintain various jobs during the relevant time period and he still contributed to the support of his new family. We find that there was sufficient evidence to support the trial court's findings, and they are binding upon us on appeal, even though there may be some evidence contra. *Hice v. Hi-Mil, Inc.*, 301 N.C. 647, 655, 273 S.E.2d 268, 273 (1981).

Because we find that these findings are supported by clear, cogent and convincing evidence, the trial court did not err in concluding that substantial grounds exist for the termination of parental rights.

We now address the exceptions assigned by respondent to the findings of the trial court that termination of respondent's parental rights was in the best interest of the child.

## II. Best Interest

G.S. 7A-289.31(a), which governs the disposition stage of a termination proceeding, provides:

> (a) Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the child unless the court shall further determine that the best interests of the child require that the parental rights of such parent not be terminated.

G.S. 71-239.31(a). This statute gives the trial court discretion not to terminate rights where it concludes that termination is not in the best interest of the child. Here the trial court concluded that it was in the best interest of the child to terminate respondent's rights. It based this conclusion on the respondent's above discussed

**IN RE McMAHON**

[98 N.C. App. 92 (1990)]

failure to support the child as required in his court order and on respondent's

> willful lack of contact with the minor child since the separation of the petitioner and respondent . . . The respondent alleges that the reason he did not visit the minor child was because he did not know the whereabouts of the minor child although the petitioner never left the city of Greensboro. The court finds that the respondent made very little effort to discover the whereabouts of the minor child since the petitioner's address was on file with this court in her pending action against the respondent for non-support. . . .

We find that the evidence supports the above findings. Petitioner testified that there had been no visits in 1987 between the child and the child's father. She could not recall any birthday presents, Christmas presents, or Father's Day acknowledgements from respondent since the date of separation with the exception of dropping off gifts to the child's maternal grandmother's home in December of 1987. The respondent argues that he has made numerous efforts to see his daughter but was unable to locate her whereabouts. However, petitioner's address was on file with the court. Furthermore, respondent admitted that he never pursued any of his statutory options to enforce his visitation rights through the court system. Lastly, we find it significant that the child's Guardian Ad Litem testified that termination was in the best interest of the child. We find that the evidence supports the lower court's findings.

We hold the findings of fact are supported by clear, cogent, convincing and competent evidence. They are, therefore, conclusive upon appeal. The findings support the conclusions of law and the judgment entered.

The judgment of the trial court is

Affirmed.

Judge WELLS concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

I do not agree with the majority's conclusion that the trial court's findings of fact relating to grounds for termination of parental rights are supported by clear, cogent, and convincing evidence.

The only ground for termination relied upon by the trial court is that the respondent willfully failed without justification to pay for the care, support, and education of the minor child for more than one year next preceding the filing of the petition in this case. See N.C. Gen. Stat. § 7A-289.32(5) (1989). In arriving at that ultimate finding of fact, the trial court also found that "the respondent has supplied no support for the minor child since October of 1986 although he has been substantially employed and had the ability to pay." I do not find clear, cogent, and convincing evidence to support that key finding of fact.

The petition for termination of parental rights was filed in January of 1988. Therefore, under the statutes, the pertinent time period regarding respondent's ability to pay is for calendar year 1987. The petitioner testified that she did not know anything about respondent's work status.

The petitioner called the respondent as an adverse witness and attempted to elicit testimony from the respondent about his employment history and his ability to pay. When asked about his failure to pay child support during the relevant time period, petitioner testified that he had been involved with alcohol and drugs and was unable to keep a job. (He testified that he had worked at Adams Farm, a construction project in Guilford County. When asked whether he worked there the full year, he first testified that he had worked during the summer. He could not remember specific dates. He then testified about having worked for another construction company; however, he could not remember what dates he was employed. Petitioner's counsel then asked respondent again about his work in 1987: "From January 1 of '87, up until shortly after you talked with Ms. Hatley in this case, and that would be 1988, you were employed at the places you told me about?" The respondent answered: "I think so. To the best I can remember, I think so."

Respondent then testified that the reason for his alcohol and drug abuse was that he suffered from post-traumatic stress syndrome. On cross-examination, he was asked why he got behind

on his support payments in 1987. The respondent stated: "I just
—I got behind. I couldn't work. The pressure got to me." When
asked how many jobs respondent had in 1987, he stated: "Just
a ballpark figure, and I don't know if this would be true, I'd say
five—one." Upon examination by the attorney for the guardian
ad litem, respondent stated that he had not filed a tax return
for 1987 and did not know the gross amount of money he earned
for that year.

The respondent's current wife testified that she married the
respondent in February of 1986. She further testified that the
respondent did not work for most of 1987, although he tried to work.

There was no further evidence about respondent's employment
during 1987 or his ability to pay during that year.

A fair reading of the record and the transcript below shows
that respondent is a war veteran suffering from post-traumatic
stress syndrome which has led to a dependency on alcohol and
drugs which has further led to an inability to maintain steady
employment. At the hearing below, the respondent was obviously
confused and was unable to give accurate testimony about his employ-
ment and his wages earned during 1987. The petitioner, who has
the burden of proof, never presented any evidence of any amount
of wages earned by the respondent. It would be sheer specu-
lation to state that he had the ability to pay when there is no
evidence of whether he earned $10, $1,000, or $10,000 for the year
in question.

This case is factually distinguishable from the recent case of
*In re Roberson*, 97 N.C. App. 277, 387 S.E.2d 668 (1990). In rejecting
respondent's contention in that case that his failure to pay child
support was not willful, this Court noted that the respondent "was
continuously employed and earning between $1,300 and $1,700 a
month during the relevant statutory time period . . . ." *Id.* at
281, 387 S.E.2d at 670. No such evidence exists in this case.

I vote to reverse the trial court's order terminating parental
rights because I think petitioner has failed to meet her burden
of proof.